Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772 1200
Facsimile: (415) 772 7400

James W. Ducayet (*pro hac vice pending*)
jducayet@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Michele L. Aronson (*pro hac vice pending*)
maronson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736 8000
Facsimile: (202) 736 8711

*Attorneys for Defendant*
*TaxAct, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLAS C. SMITH-WASHINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TAXACT, INC.,<br><br>Defendant. | Case No. 3:23-cv-830<br><br>**DEFENDANT TAXACT, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446, & 1453**<br><br>(SUPERIOR COURT OF CALIFORNIA ALAMEDA COUNTY, CASE NO. 23CV026204)<br><br>Date Action Filed:   January 24, 2023<br>Date Action Served: January 26, 2023 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 Defendant TaxAct, Inc. ("TaxAct" or "Defendant") hereby removes the above-captioned action, pending as Case No. 23CV026204 in the Superior Court of California, County of Alameda (the "Action") to the United States District Court for the Northern District of California, and Federal Rules of Civil Procedure, Rule 81(c), on the grounds that the State Court Action, filed January 24, 2023, is removable. As grounds for removal, TaxAct states as follows:

## PRELIMINARY STATEMENT

On January 24, 2023, Plaintiff Nicolas C. Smith-Washington ("Plaintiff"), filed the Action in the Superior Court of California for the County of Alameda. *See* Decl. of Sheila A.G. Armbrust ("Armbrust Decl.") Ex. A ("Compl."). Plaintiff served TaxAct with the Complaint on January 26, 2023. The complaint claims that "TaxAct has disclosed and released confidential tax return information to Meta," which was a "massive breach of confidentiality and privacy [and] has, on information and belief, affected hundreds of thousands, if not millions of Class Members in the state of California." Compl. ¶ 7. Plaintiff asserts claims for (1) common law invasion of privacy through intrusion into private matters; (2) violation of Art. 1, § 1 of the California Constitution; (3) violation of California Business and Professions Code § 17530.5 *et seq.*; (4) violation of California Tax Preparation Act, Business & Professions Code § 22250 *et seq.*; (5) violation of California Civil Code § 1799 *et seq.* (in the alternative); (6) violation of California Invasion of Privacy Act (CIPA), California Penal Code § 630 *et seq.*; and (7) violation of California Business & Professions Code § 17200 (UCL). Plaintiff's Complaint asserts claims on behalf of himself and "all natural persons residing in California who used Defendant's website's tax preparation services to prepare a tax return . . . on or prior to November 23, 2022." Compl. ¶ 3.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(a)

This Court has jurisdiction over this matter under 28 U.S.C. §1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000, exclusive of interest and costs, is at stake.

Plaintiff alleges that that he is a resident of California, residing in Citrus Heights, Sacramento County, California. Compl. ¶ 9. TaxAct is not a citizen of California, as it is an Iowa Corporation with its principal place of business in Dallas, Texas. TaxAct is thus a citizen of Iowa and Texas. Therefore, there is complete diversity between Plaintiff and TaxAct in this action.

The Complaint does not demand a specific sum. However, Plaintiff requests various categories of damages that could reasonably exceed $75,000, including: compensatory damages; disgorgement of profits; restitution; punitive damages; attorneys' fees; statutory civil penalties in no case less than $500 per violation for Defendant's alleged violations of Cal. Civil Code § 1799.1a; statutory damages of $5,000 per violation, or three times the amount of actual damages, for Defendant's alleged violations of California's Invasion of Privacy Act., Penal Code §§ 630 *et seq.*; civil penalties of $1,000 for each violation of Cal. Bus. & Prof. Code § 22252.1 or § 22253; and actual damages, in no case less than $500 per violation, and attorneys' fees and costs, pursuant to Cal. Civil Code § 1799.2, for Defendant's violations of Cal. Civil Code § 1799.1a. Compl. ¶¶ 197-206. The Complaint also alleges that Plaintiff "used Defendant's website to prepare and file his federal and state income taxes from approximately 2005 to 2022." *Id.* ¶ 9. Even accounting for alleged statutory damages and civil penalties, Plaintiff requests damages amounting to $6,500 per year for approximately 17 years, or $110,500.

## CLASS ACTION FAIRNESS ACT

This Action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453 where the following factors are met. This Action (i) seeks relief on behalf of a purported class of persons; (ii) in which at least one member is a citizen of a state different from that of Defendant; (iii) the number of affected people is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interests and costs.[1]

---

[1] TaxAct denies that this action can proceed as a class action, in part because Plaintiff agreed to the TaxAct Terms of Service and License Agreement, which contains a class action waiver. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.

a. The aggregate amount in controversy exceeds $5,000,000;

b. Any member of Plaintiff's proposed class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

c. The primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

d. The number of members of Plaintiff's proposed class is 100 or more. 28 U.S.C. § 1332(d)(2); TaxAct generally denies the allegations made by Plaintiff, disputes the claims asserted by Plaintiff, and disputes that Plaintiff is entitled to any relief on an individual or class-wide bases. TaxAct discusses the allegations and claims made by Plaintiff herein solely to demonstrate the propriety of removal.

Minimal Diversity. The diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."

The citizenship of a corporation for purposes of determining diversity jurisdiction is based on the place of incorporation and the principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Here, this requirement is met as there is complete diversity of citizenship between named Plaintiff and TaxAct. TaxAct is a corporation organized and existing under the laws of Iowa with its principal place of business in Dallas, Texas. Accordingly, Tax Act is a citizen of Iowa and Texas.

Plaintiff is a resident of California, residing in Citrus Heights, County of Sacramento. Compl. ¶ 9. Thus, at least one member of the class of plaintiffs is a citizen of a state (California) different from that of Defendant (Iowa and Texas).

The Proposed Class Allegedly Exceeds 100 Members. Plaintiff's Complaint alleges that there are "hundreds of thousands, if not millions of Class Members in the state of California." *Id*. at ¶ 7. Plaintiff asserts claims on behalf of himself and "all natural persons residing in California who used Defendant's website's tax preparation services to prepare a tax return . . . on or prior to November 23, 2022." *Id*. at ¶ 3. Thus, based on Plaintiff's own allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied. In fact, since at least 2017, hundreds

of thousands of California individuals each year have used TaxAct software to file their tax returns. Decl. of Francisco Javier Corvera ("Corvera Decl.") ¶ 3.a.

Amount in Controversy. CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2)(A), (6). Removal is proper if it is demonstrated, "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The amount in controversy is determined by accepting Plaintiff's allegations as true. *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint.") (citation and internal quotation marks omitted); *Nguyen v. Ericsson, Inc.*, Case No. 5:17-cv-06453-EJD, 2018 WL 2836076, at *2 (N.D. Cal. June 11, 2018) (citation omitted) ("The amount in controversy is calculated by assuming the allegations of the complaint are true and assuming a jury will find for the plaintiff on all claims.").

While TaxAct denies Plaintiff is entitled to any of the relief sought in the Complaint, the relief Plaintiff seeks on behalf of himself and the putative through compensatory damages, punitive damages, disgorgement and restitution of profits, statutory damages, and attorney's fees exceeds CAFA's $5,000,000 amount-in-controversy requirement.

a. Statutory Damages: Plaintiff seeks for himself and for putative class members statutory damages of $5,000 per violation, or three times the amount of actual damages, for Defendant's alleged violations of California's Invasion of Privacy Act, Penal Code §§ 630 *et seq.*, Compl. ¶ 200, as well as statutory civil penalties of $1,000 per violation pursuant to Cal. Bus. & Prof. Code § 22257, for TaxAct's alleged violations of the Tax Preparation Act, Cal. Bus. & Prof. Code § 22250 *et seq.* Compl. ¶ 200. Plaintiff further seeks actual damages, in no case less than $500 per violation pursuant to Cal. Civil Code § 1799.2, for TaxAct's alleged violations of Cal. Civil Code § 1799.1a. Compl. ¶ 201. Once again, Plaintiff defines the putative class as "all natural persons residing in California who used Defendant's website's tax preparation services to prepare a tax return . . on or prior to November 23, 2022." Compl. ¶ 3. Plaintiff alleges in his complaint that there are "hundreds of thousands, if not millions of Class Members in the state of California." *Id*. at ¶ 7. In

fact, each year, there are hundreds of thousands of California individuals who have used TaxAct's services to prepare a tax return. Corvera Decl. ¶ 2.a. Accordingly, just a single violation per class member of each of Tax Preparation Act, Cal. Bus. & Prof. Code § 22250 *et seq.* and Cal. Civil Code § 1799.1a would exceed $5,000,000.

b. <u>Disgorgement and Restitution:</u> Plaintiff seeks for himself and for putative class members disgorgement of profits for TaxAct's alleged invasion of privacy and violation of Article 1, Section 1 of the California Constitution as well as restitution and disgorgement of profits, pursuant to Cal. Bus. & Prof. Code § 17535, for TaxAct's alleged violations of Cal. Bus. & Prof. Code § 17530.5. Compl. ¶¶ 198-99. Since at least 2017, TaxAct's California-based revenue is millions of dollars each year. Corvera Decl. ¶ 3.b.

c. <u>Attorneys' Fees:</u> Finally, Plaintiff is seeking an award of attorneys' fees pursuant to (1) Cal. Bus. & Prof. Code § 22257 for TaxAct's violations of the Tax Preparation Act, Cal. Bus. & Prof. Code § 22250 *et seq.*; (2) Cal. Civil Code § 1799.2 for TaxAct's alleged violations of Cal. Civil Code § 1799.1a; and (3) statute and governing law, including Code of Civil Procedure § 1021.5. Compl. ¶¶ 200-201, 205. An award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes of calculating the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, if Plaintiff and/or the class succeeds on the Tax Preparation Act claim or the Cal. Civil Code § 1799.1a claim, recovery of attorneys' fees may be statutorily authorized. A potential award of attorneys' fees further increases the amount in controversy.

### **REMOVAL IS OTHERWISE PROCEDURALLY PROPER**

<u>Removal is Timely.</u> Service on TaxAct was completed on January 26, 2023. Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired. Armbrust Decl. ¶ 2.

<u>Removal to Proper Court.</u> This Court is part of the "district and division embracing the place where" the State Court Action was filed – Alameda County, California. 28 U.S.C. § 1441(a).

<u>Pleadings and Process.</u> Pursuant to 28 U.S.C. § 1446(a), attached hereto is "a copy of all process, pleadings, and orders served upon" TaxAct.

<u>Filing and Service.</u> A copy of this Notice of Removal is being filed with the Clerk of the

Superior Court of California for the County of Alameda, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d). The Superior Court of California for the County of Alameda is located within this district.

<u>Arbitration.</u> TaxAct reserves any and all contractual right to require arbitration of this controversy. This Notice of Removal is filed without prejudice to the exercise of such contractual right.

WHEREFORE, TaxAct respectfully removes this action, now pending in the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.

Date:  February 23, 2023                     Respectfully submitted,

By:  /s/ *Sheila A.G. Armbrust*
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772 1200
Facsimile: (415) 772 7400

James W. Ducayet (*pro hac vice pending*)
jducayet@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Michele L. Aronson (*pro hac vice pending*)
maronson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736 8000
Facsimile: (202) 736 8711

*Attorneys for Defendant TaxAct, Inc.*