JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
Tel. (310) 601-6766
Fax (310) 295-2385

JASON SETH HARROW (SBN 308560)
jason@gerstein-harrow.com
GERSTEIN HARROW, LLP
3243b S. La Cienega Blvd.
Los Angeles, CA 90016
(323) 744-5293

EMILY GERRICK (*pro hac vice*)
emily@gerstein-harrow.com
GERSTEIN HARROW, LLP
810 7th St. NE, Ste. 301
Washington, DC 20002
(202) 540-8105

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTER DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS C. SMITH-WASHINGTON**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**TAXACT, INC.**,<br><br>Defendant. | Case No. 3:23-CV-00830-VC<br><br>Assigned to Hon. Vince Chhabria<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S MOTION TO STAY UNDER 9 U.S.C. § 3** |

Pursuant to Local Rule 7-11, Plaintiff moves to strike new arguments improperly made by Defendant for the first time in its Reply in Support of its Motion to Stay Under 9 U.S.C. § 3, ECF No. 33. In the alternative, Plaintiff moves for leave to file a surreply to address Defendant's new arguments.

"It is well-established that a moving party is not permitted to offer new evidence or arguments in a reply brief." *Graves v. Arpaio,* 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *see U.S. Patterson,* 230 F. 3d 1168, 1172 n.3 (9th Cir. 2000); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Calif. Sportfishing Prot. All. V. Pac. States Indus., Inc.*, No. 15-cv-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015) ("Raising new arguments in a reply brief is classic sandbagging, and the Court will not tolerate it.").

In its Reply, Defendant argues for the first time, and completely contrary to the position it took in its Motion, that disputes over "formation, existence validity, interpretation, or scope of an arbitration agreement" have been delegated to the arbitrator. ECF 33 at 1:8-13, 1:20-3:2. Defendant's Motion does not contain a single reference to delegation. Instead, Defendant expressly raised and submitted the gateway issues of arbitrability (and of formation) to the Court without mention of an arbitrator deciding any of these issues. *See, e.g.,* Motion, ECF 12 at 6:11-14 ("A dispute is subject to arbitration when two conditions are satisfied. First, **the court must determine** whether a valid arbitration agreement exists. [Citation]. Second, if a valid arbitration agreement exists, **the court must evaluate** whether the arbitration agreement encompasses the dispute at issue. [Citation.]" (emphasis added)); 6:4-5 ("The standard for demonstrating arbitrability is not a high one; in fact a district court has little discretion to deny an arbitration motion…"); 6:22-7:3 ("An arbitration agreement governed by the FAA…is presumed to be *valid and enforceable*, and the party resisting arbitration bears the burden of establishing a defense to the agreement's enforcement by a preponderance of the evidence...Plaintiff cannot meet this heavy burden because: (1) the…agreement is *valid and enforceable*.") (emphasis added); 7:7-18 ("Since

'arbitration is a matter for contract,'…the existence of a valid arbitration agreement…is determined under applicable state law on contract formation…Under…California law, arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract…Such evidence establishes the existence of a valid and enforceable agreement to arbitrate between TaxAct and Plaintiff."); 8:1-3 ("Plaintiff bears the burden of proving the arbitration agreement is not valid and enforceable, and cannot do so here.").

Plaintiff respectfully requests that this Court strike the portion of Defendant's Reply Brief, ECF 33, 1:20-3:2 which comprises the arguments improperly raised by Defendant for the first time on reply.

In the alternative, when a defendant raises new arguments on reply for the first time, additional briefing is warranted. *See Garcia v. Heath,* No. 2:13-cv-1952 JAM AC P, 2016 U.S. Dist. LEXIS 33398, at *2 (E.D. Cal. March 14, 2016) (defendants raising new arguments in reply is a "valid reason" to allow additional briefing). Should the Court decide not to strike Defendant's improperly raised new arguments, Plaintiff respectfully requests that he be granted an opportunity to address these new arguments in a surreply.

Dated: May 9, 2023                              Respectfully submitted,

                                                **HAMMONDLAW, P.C.**


                                                      s/ Julian Hammond
                                                Julian Hammond
                                                jhammond@hammondlawpc.com
                                                *Attorneys for Plaintiff*