Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772 1200
Facsimile: (415) 772 7400

James W. Ducayet (*pro hac vice*)
jducayet@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Michele L. Aronson (*pro hac vice*)
maronson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736 8000
Facsimile: (202) 736 8711

*Attorneys for Defendant TaxAct, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NICOLAS C. SMITH-WASHINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TAXACT, INC., an Iowa Corporation,<br><br>Defendant. | Case No.: 3:23-cv-00830-VC<br><br>**DEFENDANT TAXACT, INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY TO DEFENDANT TAXACT, INC.'s MOTION TO STAY UNDER 9 U.S.C. § 3**<br><br>Date: May 18, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 4, 17th Floor<br><br>Case Removed: February 23, 2023<br>(Superior Court of California Alameda County, Case No. 23cv026204) |

1        Defendant TaxAct, Inc. ("TaxAct") opposes Plaintiff's Administrative Motion to Strike, or in the Alternative, for Leave to File a Surreply to TaxAct's Motion to Stay Under 9 U.S.C. § 3 ("Administrative Motion"). Plaintiff claims that TaxAct "improperly raised" arguments for the first time in its Reply in Support of its Motion to Stay Under 9 U.S.C. § 3, ECF No. 33. That assertion is without merit.

       On March 3, 2023, TaxAct moved to stay this proceeding pending the completion of arbitration. In its opening brief, TaxAct argued that, consistent with the Federal Arbitration Act ("FAA"), the Arbitration Agreement between Plaintiff and TaxAct requires that Plaintiff's claims be arbitrated in confidential binding arbitration. TaxAct filed the current Arbitration Agreement to which Plaintiff agreed as an attachment to its supporting materials. Declaration of Ian Campbell in Support of Motion to Stay ("Campbell Decl."), Ex. A, ECF No. 12-2. That Arbitration Agreement expressly incorporates by reference the Judicial Arbitration and Mediation Services Streamlined Arbitration Rules and Procedures ("JAMS Rules"), which provide that disputes over the formation, existence, validity, interpretation, or scope of an arbitration agreement shall be submitted to and ruled on by the arbitrator. *Id.*

       In his opposition brief, Plaintiff does not dispute that his claims fall within the scope of the Arbitration Agreement. Instead, he raised what is essentially an affirmative defense – i.e., that the Arbitration Agreement was invalid and unenforceable as to him. TaxAct responded to that argument by pointing back to the terms of the Arbitration Agreement included in its opening submission, as well as relevant caselaw. The terms of the Arbitration Agreement make clear that it is the arbitrator, who shall rule on "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought…." Reply Br., ECF No. 33 at 2; Declaration of Mark Jaeger ("Jaeger Decl."), ECF No. 33-3, Ex. B, at 8.

       In moving to stay this litigation, TaxAct was not required to anticipate or preemptively respond to an affirmative defense of enforceability. This was not pleaded in the Complaint; TaxAct did not "waive" its right to enforce this delegation by responding to a new matter raised in Plaintiff's Opposition. Indeed, in the specific context of the FAA, it is appropriate for the moving party to

1

DEFENDANT TAXACT, INC'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY TO THE MOTION TO STAY, CASE NO. 3:23-CV-00830-VC

assert its right to enforce a contractual delegation clause in the reply brief where a party raises enforceability issues for the first time in its opposition brief. For instance, in *Schwendeman v. Health Carousel, LLC*, No. 18-CV-07641-BLF, 2019 WL 6173163, at *3 (N.D. Cal. Nov. 20, 2019), the defendant moved to compel arbitration and to dismiss the action. The plaintiff argued that the defendant waived its right to enforce the delegation clause because the defendant did not raise the issue until its reply brief. *Id.* at *1, 3. The Court rejected that argument, pointing out that given the "strong federal policy favoring enforcement of arbitration agreements," the party asserting waiver (here, Plaintiff) "bears a heavy burden of proof." *Id*. at *3 (internal quotation marks and citation omitted). The Court concluded that "Health Carousel asserted the delegation clause as soon as Schwendeman argued specific contract interpretation issues in opposition to the motion" and that none of the authorities upon which Schwendeman relied supported a finding of waiver. *Id.* at *6.

So too here. TaxAct was "merely responding to Plaintiff's opposition argument, which is permitted and may be considered by the Court in its discretion." *Cole v. Adam*, No. 17-05691 BLF (PR), 2019 WL 1048251, at *6 (N.D. Cal. Mar. 4, 2019) (Labson Freeman, J.); *see also In re PersonalWeb Techs., LLC*, No. 18-md-02834-BLF, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019) ("The Court finds that Amazon's arguments regarding CloudFront were properly limited to responding to PersonalWeb's arguments in its opposition. Accordingly, the Court denies PersonalWeb's request to strike Section H of Amazon's reply."). Moreover, none of Plaintiff's authorities are apposite.[1] Instead, each case involved new arguments that were not responsive to issues first raised in the opposition brief. *See Graves v. Arpaio*, 623 F.3d 1043,1050-51 (9th Cir. 2010) (rejecting appellant's argument made for first time in reply brief that district court erred in placing burden on him to demonstrate that statutory requirements for relief from consent decree were met); *United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir. 2000) (holding that criminal

---

[1] In the Administrative Motion, Plaintiff provides the following quotation: "'It is well-established that a moving party is not permitted to offer new evidence or arguments in a reply brief.'" Plaintiff attributes this quotation to *Graves v. Arpaio*, 623 F.3d 1043,1048 (9th Cir. 2010). This language does not come from *Graves*. It appears in the plaintiff's motion to strike the defendant's reply in *Cinematix, LLC v. Einthusan*, No. 19-CV-02749-EMC, 2020 WL 227180 (N.D. Cal. Jan. 15, 2020), a case dismissed on the ground of *forum non conveniens*.

defendant waived his request to withdraw plea, which he raised for first time in reply brief on appeal and for which he "offer[ed] no argument other than the suggestion that he does not like the resulting sentence if his appeal is denied"); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (concluding that appellant waived the "rational basis" argument raised for first time in reply brief, but noting that "his argument fails, even if we were to accept his questionable statutory construction"); *California Sportfishing Prot. All. v. Pac. States Indus., Inc.*, No. 15-CV-01482-JD, 2015 WL 5569073, at *2 (N.D. Cal. Sept. 22, 2015) (refusing to consider new arguments made in reply brief in support of motion to dismiss that were not responsive to plaintiff's opposition).

TaxAct timely and properly raised the delegation clause as a reply to Plaintiff's arguments regarding the validity of the Arbitration Agreement, and has not waived the argument that threshold issues regarding arbitrability have been delegated to the arbitrator. Accordingly, TaxAct respectfully requests that this Court deny Plaintiff's motion to strike and request for leave to file a surreply.

Date: May 15, 2023

Respectfully submitted,

By: /s/ Sheila A.G. Armbrust
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772 1200
Facsimile: (415) 772 7400

James W. Ducayet (*pro hac vice*)
jducayet@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Michele L. Aronson (*pro hac vice*)
maronson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736 8000
Facsimile: (202) 736 8711
*Attorneys for Defendant TaxAct, Inc.*