| | |
|---|---|
| Sheila A.G. Armbrust (SBN 265998)<br>sarmbrust@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772 1200<br>Facsimile: (415) 772 7400<br><br>James W. Ducayet (*pro hac vice*)<br>jducayet@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853 7000<br>Facsimile: (312) 853 7036<br><br>Michele L. Aronson (*pro hac vice*)<br>maronson@sidley.com<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, DC 20005<br>Telephone: (202) 736 8000<br>Facsimile: (202) 736 8711<br><br>*Attorneys for Defendant TaxAct, Inc.* | Julian Hammond (SBN 268489)<br>jhammond@hammondlawpc.com<br>Christina V. Tusan (SBN 192203)<br>ctusan@hammondlawpc.com<br>Adrian Barnes (SBN 253131)<br>abarnes@hammondlawpc.com<br>Polina Brandler (SBN 269086)<br>pbrandler@hammondlawpc.com<br>Ari Cherniak (SBN 290071)<br>acherniak@hammondlawpc.com<br>HAMMONDLAW, P.C.<br>1201 Pacific Avenue, Suite 600<br>Tacoma, WA 98402<br>Telephone (310) 601-6766<br>Facsimile (310) 295-2385<br><br>Jason Seth Harrow (SBN 308560)<br>jason@gerstein-harrow.com<br>GERSTEIN HARROW, LLP<br>3243B S. La Cienega Blvd.<br>Los Angeles, CA 90016<br>Telephone: (323) 744-5293<br><br>Emily Gerrick (*pro hac vice*)<br>emily@gerstein-harrow.com<br>GERSTEIN HARROW, LLP<br>810 7th St. NE, Ste. 301<br>Washington, DC 20002<br>Telephone: (202) 540-8105<br><br>*Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **NICHOLAS C. SMITH-WASHINGTON**, **JOYCE MAHONEY, JONATHAN AMES, and JENNY LEWIS** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TAXACT, INC.,**<br><br>Defendant. | Case No. 3:23-CV-00830-VC<br>Assigned to Hon. Vince Chhabria<br><br>**SECOND UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Amended Complaint Filed June 20, 2023<br>Case Management Conf.: June 30, 2023 at 10:00 a.m. |

The Parties to the above-captioned action (the "Action") jointly submit this Second Updated Joint Case Management Statement in accordance with the Court's Order directing the parties to file a proposed schedule that includes actual dates prior to the June 30, 2023 Case Management Conference (ECF 63).

1. **Jurisdiction and Service**

Plaintiff Smith-Washington filed a complaint in Alameda Suprior Court on January 23, 2023. Defendant removed the action on February 23, 2023. This Court has diversity jurisdiction over this Action under 28 U.S.C. §1332(a) and jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"). All parties have been served. On June 20, 2023, Plaintiffs filed an Amended Complaint that added three new putative class representatives, a nationwide class and two subclasses, new factual allegations regarding different online tracking tools, and three new causes of action.

On May 25, 2023, this Court Denied Defendant's Motion to stay this Action pursuant to the FAA (ECF No. 12) without prejudice. (ECF No. 44.) Defendant filed a Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration") on June 9, 2023 (ECF No. 50), and anticipate filing a renewed Motion to Compel Arbitration and Stay Proceedings in light of the allegations in the Amended Complaint. At this time, the Parties do not anticipate joining any additional parties other than those included in the Amended Complaint.

2. **Facts**

Plaintiffs are California residents who allegedly used TaxAct's website to prepare and file their federal and state income tax returns, or whose spouse prepared and filed their returns, during various period between approximately 2005 and 2022. Defendant is a tax preparation software and services company based in Dallas, Texas, which assists taxpayers in preparing and filing their federal and state tax returns. Plaintiffs brings this case on behalf of themselves and all natural persons residing in the United States (including subclasses for California Filers, Married Nationwide Filers, and Married California Files) who used Defendant's website's tax preparation services to prepare a tax return (hereinafter "Class Members") on or prior to November 23, 2022 (the "Class Period").

Plaintiffs' Statement:

Plaintiffs bring this class action case against TaxAct on their behalf and on behalf of others who are similarly situated based on allegations that Defendant, one of the largest tax preparation companies in the United States with revenues of $227 million and 3.2 million consumer tax e-filings in 2021 alone, secretly transmitted and assisted a third party in intercepting its users' confidential personal and financial information with Meta Platforms, Inc. (formerly known as Facebook), Google, and Google Double Click- who were all unauthorized third parties.  Plaintiffs believe that the Google Pixel and the Google Double Click Pixels were added to Defendant's website as early as 2010.  TaxAct unlawfully disclosed Plaintiffs and Class Members' extremely private, confidential and personal information including their personal identifiers (including IP Addresses, Facebook IDs, names and phone number), along with their adjusted gross income, filing status, names of dependents, x and the amount of any refund. TaxAct users were shown no disclaimer or warning that their confidential information would be disclosed to any unauthorized third party, were never advised that Defendants would aid an unauthorized third party in intercepting their confidential information, had no idea that their confidential information was being collected and transmitted to an unauthorized third party, and never consented to TaxAct's conduct. Plaintiffs allege that these disclosures continued until at least November 23, 2022, when a nonprofit newsroom contacted TaxAct for comments on a soon-to-be-published article regarding its use of tracking tools that are the subject of this litigation.

Defendant's Statement:

Defendant relies on various third parties to support its business intelligence, marketing, and advertising operations, including Meta Platforms, Inc. ("Meta"), Google, and Google Double Click. Meta has developed and made available to website operators the Meta Pixel (formerly known as the Facebook Pixel)—an analytics tool—which Defendant deployed on its website beginning in relevant part in January 2018 to make permissible use of a limited subset of data collected from customers of its software and services and visitors to its website. Google and Google Double Click also offered pixels which Defendant utilized beginning in relevant part in January 2018. Defendant maintains that, consistent with common industry practices and as described in the publicly available TaxAct

Privacy Notice, its use of online tools such as pixels and cookies was permissible under the law.

Defendant's Terms of Service and License Agreement (the "Terms") contain a clause providing that disputes will be resolved solely through individual arbitration (the "Arbitration Agreement"). The Terms are publicly available and hyperlinked on every page of the TaxAct website, and a customer must agree to the Terms in order to use TaxAct's software. The Arbitration Agreement incorporates by reference the JAMS Streamlined Arbitration Rules and Procedures (the "JAMS Rules"). TaxAct provided to Plaintiffs' counsel and disclosed to this Court evidence of agreement to the Terms by using TaxAct Services, as well as evidence of additional acknowledgment of the terms at account creation, account sign in, and tax return filing for the relevant period.

**3.  Legal Issues**

Plaintiffs' Position:

Plaintiffs contend that Defendant's actions constitute an extreme invasion of Plaintiffs' and putative class members' privacy, and violated common law, the California Constitution, and numerous state statutes. The Complaint asserts claims for (1) common law invasion of privacy through intrusion into private matters; (2) violation of Art. 1, § 1 of the California Constitution; (3) violation of California Business and Professions Code § 17530.5 et seq.; (4) violation of California Tax Preparation Act, Business & Professions Code § 22250 et seq.; (5) violation of California Civil Code § 1799 et seq. (in the alternative); (6) Violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq.; (7) violation of California Invasion of Privacy Act (CIPA), California Penal Code § 630 et seq.; (8) violation of the Comprehensive Computer Data Access and Fraud Act (CDAFA), Penal Code § 502; (9) violation of California Penal Code §§ 484 and 496; and (10) violation of California Business & Professions Code § 17200 (UCL).

Plaintiffs allege own their own behalf and on behalf of Class Members that they have asserted valid and actionable claims regarding Defendant's unlawful conduct as set forth in the Complaint, including Defendant's unlawful disclosure and assistance in allowing Meta, Google and Google Double Click to intercept their data without their notice or authorization. Plaintiffs allege that Plaintiffs and Class Members never authorized Defendant's unlawful sharing of their

information and that Defendant's Privacy Policy and its Terms of Service & Terms of Use do not serve as a means to justify or provide a defense to this unlawful conduct. Additionally, the Married Filers California Class and the Married Filers nationwide class were not the ones who filed the joint taxes or set up the accounts with Defendant and, therefore, did not have any occasion to see or agree to the terms and conditions or any arbitration agreement.

Plaintiffs' and Class Members' claims are appropriate for class treatment under Federal Rule of Civil Procedure 23. Plaintiffs Complaint seeks to create the following classes of Plaintiffs: (a) The Nationwide Class; (b) The California Subclass; (c) The Married Filers Subclass; and (d) The Married Filers California Subclass. Plaintiffs' allegations are common to all of the Class Members as those members who utilized Defendant's services all were subject to the violations set forth in the complaint associated with the disclosure and interception of their confidential personal information. Plaintiffs' allege that they and Class Members (with the exception of the Married Filers California Subclass and the Married Filers Class whose spouses filled out the documents) filled out standard information in a tax return (despite customers filling in different amounts all users are entering data into standardized government-issued forms), all of which is confidential and not information that they were notified would be revealed without their authorization (and they did not affirmatively authorize such disclosures). Similarly, Plaintiffs' and Class Members who file electronically as well as those who may fill out their forms online and choose to print them out are all subject to the unlawful disclosure and interception of their information through the use of the Meta Pixel and Google and Google Double Click pixels that Defendant installed -- there is no known distinction in how their data is collected based on the way the filing is ultimately submitted. Additionally, Plaintiffs allege that there are no concerns regarding differences in individuals' knowledge. Here there were no disclosures or disclaimers of any kind that would have notified Plaintiffs or Class Members about Defendant's unlawful and unauthorized disclosure or about Defendant's assistance in the interception of their confidential information. Instead, Defendant's disclosures confirmed what a reasonable consumer would understand about a tax preparer's use of their data- that it would be kept confidential and only used for the intended purpose of preparing their tax returns.

Defendant's Position:

Defendant believes that Plaintiffs agreed to arbitrate any claims on an individual basis, as set forth in the TaxAct Terms and JAMS Rules. Further, Defendant denies and disputes each of Plaintiffs' claims. Defendant used the Meta Pixel and other online tools consistent with standard business practices for organizations operating online and in compliance with Treasury regulations. Additionally, Defendant acted in a manner that is consistent with its Privacy Policy and its Terms. Additionally, Defendant believes that Plaintiffs have not established standing, and that Plaintiffs' claims are not amenable to class treatment under Federal Rule of Civil Procedure 23.

**4.   Motions**

    **A.  Prior Motions**

Plaintiff filed an Administrative Motion to Strike, or in the Alternative, for Leave to File a Surreply to TaxAct's Motion to Stay Under 9 U.S.C. § 3 (ECF No. 34). The Court did not grant Plaintiffs' Motion to Strike, but granted Plaintiff Leave to File a Surreply.

Defendant's Motion to Stay Under 9 U.S.C. § 3 (ECF No. 12) was heard on May 25, 2023, and was denied without prejudice. (ECF No. 44.) The Court ruled that Plaintiff may commence with discovery in this matter. (ECF No. 44.)

    **B.  Pending Motions**

Defendant filed a Motion to Compel Arbitration and Stay Proceedings on June 9, 2023. (ECF No. 50.) Although Defendant's Motion is scheduled for hearing on July 20, 2023 at 10:00 a.m., the parties have stipulated to vacate the hearing date in light of Plaintiffs' filing of an Amended Complaint that adds three new putative class representatives and new allegations. (ECF No. 55.) The parties also stipulated, in the alternative, that if the Court does not vacate the hearing date before Plaintiffs' Opposition is due, to continue the hearing date to August 10, 2023 and to continue the opposition due date for an additional two weeks. On June 21, 2023, the Court granted the stipulation as modified. (ECF No. 57.) Given that the pending Motion to Compel Arbitration and Stay Proceedings was based on the prior complaint, the Parties agree that it has been mooted by the Amended Complaint and that the hearing date should be vacated.

    **C.  Anticipated Future Motions**

Plaintiffs anticipate filing a motion for class certification.

Defendant anticipates filing a new Motion to Compel Arbitraton and Stay Proceedings, which will address the allegations in the Amended Complaint. If the Court does not grant Defendant's anticipated Motion to Compel Arbitration and Stay Proceedings, Defendant anticipates filing dispositive motions.

The Parties reserve the right to file further motions to compel discovery, if necessary, as well as motions in limine, and other motions for miscellaneous relief at a later date.

**5.     Amendment of Pleadings**

Defendant proposes a deadline of 60 days after the Initial Case Management Conference for Plaintiffs to move for leave to amend the Complaint.

Plaintiffs filed a First Amended Complaint on June 20, 2023. Plaintiffs propose a deadline of 6 months after the Initial Case Management Conference for Plaintiffs to move for leave to amend the Complaint again, if necessary, given the size of this case and the possibility that additional information may be revealed during discovery that may warrant an additional amendment to the Complaint.

**6.     Evidence of Preservation Report**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

The Parties will meet and confer, as needed, regarding any particular requests for electronically stored information and any concerns relating to those requests, including their scope, burden, and/or production format, following Plaintiffs' issuance of discovery. Defendant's counsel shared with Plaintiffs' counsel that Defendant has instituted a Litigation Hold and did so in November 2022. Defendant continues to supplement the Litigation Hold as appropriate.

**7.     Disclosures**

The Parties propose that initial disclosures pursuant to Federal Rule of Civil Procedure 26(f) be due thirty (30) days after the ruling on Defendant's anticipated Motion to Compel Arbitration and

Stay Proceedings. If that anticipated motion is not filed, Plaintiff requests that initial disclosure be due within 30 days following the Initial CMC.

**8.    Discovery**

To date, no discovery has been taken in this action. Following the Court's denial of Defendant's Motion to Stay on May 25, 2023, the Court allowed Plaintiff to begin discovery. (ECF No. 44.) Plaintiffs intend to begin discovery after filing the Amended Complaint.

Nevertheless, the Parties have met and conferred regarding an appropriate schedule for fact discovery and jointly propose that the Court enter the schedule outlined below in Section 16.

Scope of Anticipated Discovery: Plaintiffs plans to begin serving formal discovery. Plaintiffs believe it is too early to identify any potential discovery disputes.

Given Defendant's anticipated Motion to Compel Arbitration and Stay Proceedings, Defendant believes that initial discovery should be limited to documents and testimony pertaining to the arbitration agreement entered into between the Parties. If Defendant's anticipated Motion to Compel Arbitration and Stay Proceedings to stay is denied, Defendant anticipates seeking discovery on issues pertaining to whether this case can proceed as a class action, including whether Plaintiffs' claims are representative of and common to the claims of putative class members; whether the class is ascertainable; whether a class trial would be manageable; and whether individual issues predominate. Defendant also anticipates seeking discovery as to whether Plaintiffs have factual support for any and all allegations set forth in the Complaint, whether Plaintiffs can satisfy the essential elements of the causes of action set forth in the Complaint, and if this case proceeds as a class action, whether Plaintiffs and putative Class Members, have suffered any damage as a result of TaxAct's alleged conduct. Defendant intends to take the depositions of Plaintiffs as well as any experts Plaintiffs may put forth. Defendants will also seek any communications Plaintiffs had with, or regarding, Defendant.

Modifications to Discovery Rules: The Parties do not think deviation from the rules set forth in the Federal Rules of Civil Procedure is needed at this time. The Parties reserve the right to seek relief for depositions and written discovery requests beyond the limits imposed by the Federal Rules of Civil Procedure for good cause shown.

Electronically Stored Information: The Parties are considering entering into a stipulated e-discovery order.

Discovery Disputes: The Parties will meet and confer in an effort to arrive at a stipulated resolution of any disputes and/or narrow any disputed issues prior to presenting them to the Court for resolution.

## 9. Class Action

The parties proposed briefing schedule for class certification is contained in Section 16.

Defendant believes that this action should be stayed. Plaintiffs believe that this action should go forward and should not be stayed consistent with the Court's recent denial of Defendant's initial Motion to Stay Under 9 U.S.C. § 3. Plaintiffs are prepared to address class certification issues as set forth below. However, if Defendant files a renewed Motion to Compel Arbitration and Stay Proceedings, the Parties agree that any proposal for class certification should be considered only after the ruling on Defendant's renewed motion.

Plaintiffs have reviewed the Procedural Guidance for Class Action Settlements and are prepared to discuss settlement. Defendant has reviewed the Procedural Guidance for Class Action Settlements and is prepared to proceed with arbitration.

## 10. Related Cases

The Parties are not currently aware of any cases or proceedings that are "related" within the meaning of Civil Local Rule 3-12(a).

## 11. Relief

As set forth in his Complaint, Plaintiffs seeks to recover actual damages, statutory damages, restitution, disgorgement, statutory penalties, attorneys' fees and costs, and other relief as this Court deems just and proper. Until discovery is completed, and the scope of the class damages are clear, Plaintiffs cannot set forth with precision his or the Class's actual damages.

## 12. Settlement and ADR

Plaintiffs maintain that Plaintiffs did not agree to arbitrate this dispute for the reasons set forth in its Opposition to Defendant's Motion to Stay including that Plaintiffs are not subject to an arbitration agreement, including Married Filers who did not even see any terms or conditions, and

that even if they were the arbitration agreement is both substantively and procedurally unenforceable and doesn't apply to this matter. The court denied Defendant's initial motion to arbitrate without prejudice and Plaintiffs believe that the court's ruling should stand.

Defendant maintains that the Parties agreed to arbitrate this dispute and intends to file a renewed Motion to Compel Arbitration and Stay Proceedings. Plaintiffs are prepared to consider ADR options at this time.  If Defendant's anticipated Motion to Compel Arbitration and Stay Proceedings is denied, Defendant will consider ADR options at that time.

### 13. Other References

This case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

### 14. Narrowing of Issues

Plaintiffs' Position:

At this time, it is unknown what agreements, motions or procedures would aid the parties in narrowing the issues to be tried in this action. Plaintiffs believe that the issue of arbitration was fully briefed, that the Court's denial was proper, and that the parties should work together to streamline the litigation of this matter by reaching agreements wherever possible to ensure the most expeditious litigation of this matter.

Defendant's Position:

The most consequential immediate issue is whether the Parties agreed to arbitrate the dispute, including whether the Parties delegated that question to the arbitrator. Should the Court not grant Defendant's anticipated Motion to Compel Arbitration and Stay Proceedings, further issues include damages, standing, class certification, and the substantive issues of the allegations.

### 15. Expedited Trial Procedure

The parties do not believe this case is appropriate for an expedited trial procedure and will not seek an expedited trial.

///

## 16. Scheduling

| Event | Parties' Initial Positions (Joint Except Where Noted) | Plaintiffs' Position | Defendant's Positions |
|---|---|---|---|
| Initial Disclosures | 30 days after ruling on anticipated Motion to Compel Arbitration and Stay Proceedings, if motion is denied | December 11, 2023 | October 13, 2023 |
| Last Day to Amend Pleadings | Plaintiffs' Position: 6 months after ruling on the anticipated Motion to Compel Arbitration and Stay Proceedings<br><br>Defendant's Position: 60 days after initial case management conference | May 10, 2024 | August 29, 2023 |
| Case Management Conference Before Close of Fact Discovery | | | March 25, 2024 |
| Non-Expert Fact Discovery Cut-Off | 260 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | October 10, 2023 | April 22, 2024 |
| Expert Disclosures (Initial) | 240 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | October 30, 2023 | May 13, 2024 |
| Expert Disclosures (Rebuttal) | 220 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | November 17, 2023 | May 27, 2024 |
| Expert Fact Discovery Cut-Off | 190 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | December 18, 2023 | June 10, 2024 |
| Deadline for Plaintiffs to File Class | 175 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is | January 3, 2024 | October 30, 2023 |

| Event | Parties' Initial Positions (Joint Except Where Noted) | Plaintiffs' Position | Defendant's Positions |
|---|---|---|---|
| Certification Motion | denied | | |
| Deadline for Defendant to file opposition to Plaintiffs' class certification motion | 160 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | January 26, 2024 | November 17, 2023 |
| Deadline for Plaintiffs to file reply in support of motion for class certification | 150 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | January 26, 2024 | December 1, 2023 |
| Hearing on Plaintiffs' motion for class certification | 130 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | February 15, 2024 | December 21, 2023 |
| Further scheduling conference | 130 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | February 15, 2024 | May 6, 2024 |
| Last Date to File Dispositive Motion | 75 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | April 10, 2024 | June 20, 2024 |
| Date for Pretrial Conference | 14 days before trial, if the anticipated Motion to Compel Arbitration and Stay Proceedings is denied | June 10, 2024 | August 5, 2024 |
| Trial | 485 days (approximately 16 anticipated months) after the complaint was filed, if the Motion to Compel Arbitration and Stay Proceedings is denied | June 24, 2024 at 10:00 a.m. | August 19, 2024 |

17. **Trial**

Plaintiffs' Position: Plaintiffs have requested a jury trial. The length of trial will depend upon whether or not a class is certified. Accordingly, Plaintiffs propose deferring any trial setting until after Plaintiffs' class certification motion has been decided.

Defendant's Position: Defendant believes that, at this time, it is premature to provide an accurate estimate of the length of the expected trial.

18. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have not filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 but has no interested entities or persons to disclose.

Defendant has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. ECF No. 4. Defendant's certification disclosed TaxAct Holdings, Inc., as the owner of all of the outstanding shares of Defendant, as well as several entities that are indirect owners of all of the outstanding shares of Defendant. Defendant's certification also disclosed Avantax, Inc. (f/k/a Blucora, Inc.) as the former direct owner of all of the outstanding shares of TaxAct Holdings, Inc.

19. **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **Other Matters**

None.

Respectfully submitted,

Dated: June 30, 2023

By: /s/ Michele Aronson
Michele L. Aronson (*pro hac vice*)

*Attorney for Defendant TaxAct, Inc.*

Dated: June 30, 2023

By: /s/ Christina Tusan
Christina Tusan (SBN 192203)

*Attorney for Plaintiffs Nicolas C. Smith-Washington, Jenny Lewis, Joyce Mahoney, and Jonathan Ames*