JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
CHRISTINA TUSAN (SBN 192203)
ctusan@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Avenue, Suite 600
Tacoma, WA 98402
Tel. (310) 807-1666
Fax (310) 295-2385

Attorneys for Plaintiffs and the Putative Classes

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NICHOLAS C. SMITH-WASHINGTON, JOYCE MAHONEY, JONATHAN AMES, and JENNY LEWIS** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**TAXACT, INC.**, an Iowa Corporation<br><br>Defendant. | Case No. 3:23-cv-830-VC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO OBTAIN APPROVAL TO FILE A SEPARATE SET OF EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MARK JAEGER FILED IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF PAGE LIMITS; ~~[PROPOSED]~~ ORDER**<br><br>**[Civil L.R. 7-11]**<br><br>[DECLARATION OF CHRISTINA TUSAN FILED CONCURRENTLY HEREWITH] |

## I. Introduction

Pursuant to Local Rule 7-11 and this Court's Civil Standing Order at Paragraph 38, Plaintiffs Nicholas C. Smith-Washington, Joyce Mahoney, Jonathan Ames, and Jenny Lewis ("Plaintiffs") bring this administrative motion to concurrently file a document that includes evidentiary objections to the Jeager Declaration at the same time the opposition is filed ("Evidentiary Objection Document"), or, in the alternative, increase the page limit for Plaintiffs' memorandum in opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings by 5 pages (not to exceed 20 pages). As set forth in the accompanying Declaration of Christina Tusan, Plaintiffs attempted to reach agreement with Defendant on this matter, but Defendant refused to stipulate to the requested increase in the page limit.

## II. Background

This is a nationwide and California consumer class action alleging that Defendant, one of the largest tax preparation software companies in the country, disclosed, in an egregious and unlawful manner, Plaintiffs' and Class Members' confidential financial and personal information without their awareness or consent. On March 2, 2023, Defendant filed a Motion to Stay Under 9 U.S.C. § 3 ("Motion to Stay"), which the Court denied on May 25, 2023, without prejudice to Defendant refiling its motion with supplemental evidentiary support. ECF No. 44. After the Court denied Defendant's Motion to Stay, Plaintiff filed the operative First Amended Complaint adding Plaintiffs Joyce Mahoney, Jonathan Ames, and Jenny Lewis as named Plaintiffs and putative Class Representatives. ECF No. 56.

On July 12, 2023, Defendant filed its Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel"). ECF No. 68.[1] The 227-page Declaration of Mark Jaeger filed in support of Defendant's Motion to Compel attaches 18 exhibits and contains detailed and distinct facts relevant to Defendant's respective arguments regarding its ability to compel arbitration of the claims of each of the four named Plaintiffs, including but not limited to: statements and exhibits relating to the Terms and Conditions that were purportedly in effect during the different times that Plaintiffs Smith-Washington, Mahoney, and Ames signed up for an account on Defendant's website; statements and exhibits regarding the information, hyperlinks, and click buttons that were present on Defendant's website during the sign

[1] Defendant's previously filed Motion to Compel Arbitration (ECF No. 50) was withdrawn by Defendant by party agreement, after Plaintiffs filed their First Amended Complaint.

up process during different years; statements and exhibits regarding the information, hyperlinks, and click buttons that were present during the tax filing process during different years; statements and exhibits regarding snippets of code purportedly supporting the assertions in the Jaeger Declaration; and, statements and exhibits regarding internal records for each of the Plaintiffs purportedly showing when each Plaintiff created his or her accounts (or, in the case of Plaintiff Lewis, when her husband created his account), signed into his or her account on Defendant's website, and used Defendant's services. On August 10, Plaintiffs deposed Mr. Jeager and obtained testimony that put into question the admissibility of significant representations made in Mr. Jeager's declaration. Declaration of Christina Tusan, filed herewith, ¶ 3.

In addition to the significant evidentiary issues with the Jeager Declaration which will take significant time to address, Defendant's Motion to Compel raises complex issues which were not raised in Defendant's Motion to Stay. These issues include but are not limited to, the issues of delegation and the effect of the "opt-out" provision in Defendant's Terms and Conditions, both of which Plaintiffs need to address in their Opposition. Plaintiffs also need to address a new set of issues related to the formation and applicability of arbitration agreements as applied to "married-filers" (whose spouses filed joint returns containing the married-filers' confidential information) (relating to the claims of Plaintiff Jenny Lewis) which are distinct from the issues relevant to the other Plaintiffs.

Plaintiffs' opposition to Defendant's Motion to Compel, which is due to be filed by August 29, 2023, is subject to the Northern District of California Civil Local Rule 7-3(a), which generally provides that a supporting memorandum of points and authorities shall not exceed 20 pages in length except as otherwise ordered or permitted by the assigned judge or the Local rules. This Court's Civil Standing Order has a 15-page limit for briefs in opposition to all substantive motions (except for summary judgment motions and certain other enumerated types of motions).

Plaintiffs requested that Defendant agree to a 5-page increase of the 15-page limit (i.e., not to exceed 20 pages) for Plaintiff's opposition to Defendant's Motion. However, Defendant's Counsel responded that Defendant would not stipulate to the requested extension of page or agree to allow for a

separate filing that would include Plaintiffs' objections to the Jeager Declaration. See Declaration of Christina Tusan at ¶ 4.

## III. Argument

Although Plaintiff Smith-Washington did not seek an extension of his page limit for his Opposition to Defendant's first Motion to Stay, this new motion involves substantially more issues related to the additional plaintiffs and relies upon a declaration that is the subject of significant evidentiary objections. On August 10, 2023, Plaintiff conducted the deposition of Mr. Jeager that confirmed that there are critical issues related to the admissibility and use of the Jeager declaration in this matter that Plaintiffs need sufficient space to address. Plaintiffs also believe that the court will be aided by having a clear summary of the legal objections to the Jaeger Declaration along with an attached chart that lays out each specific portion of the declaration that is being objected to and includes the text of the relevant deposition testimony that supports those objections all in an easy to review format.

In addition, this Opposition will be addressing substantially more issues, in addition to the previously mentioned evidentiary issues, relevant to each of the four Plaintiffs in the First Amended Complaint, including the issues related to Plaintiff Lewis as a "married-filer", and the new arguments raised by Defendant in its Motion to Compel, which were not raised in Defendant's Motion to Stay, and Plaintiffs therefore need additional pages beyond the 15-page limit. In many regards, Defendant's Motion to Compel is akin to a motion for summary judgment (oppositions to which are permitted by this Court to be up to 25 pages) in that Defendant seeks to compel four Plaintiffs to individual arbitrations, and to dismiss their claims pending in this Court. Given the number of exhibits and facts to be addressed, the range of legal questions, and the potentially dispositive nature of Defendant's Motion, Plaintiffs seek the ability to file a separate document addressing its legal objections to the Jaeger Declaration or, in the alternative, an additional five pages for their memorandum in opposition.

Plaintiffs do not make this request for an increase in the page limit based on speculation: Plaintiffs' Counsel have completed an initial draft of their memorandum in opposition to Defendant's Motion to Compel which is close to 20 pages with the inclusion of a discussion regarding the objections to the Jeager declaration. Declaration of Christina Tusan at ¶ 3. Plaintiffs will suffer harm if the Court does not grant

the requested rlief because they will not be able to address Defendant's arguments as fully and as adequately if they are limited to 15 pages. Moreover, Plaintiffs respectfully suggest that the separate document with evidentiary objections (or granting of additional pages) will conserve judicial and party resources by assisting the Court in understanding the full range of legal and factual issues presented. Declaration of Christina Tusan at ¶ 5.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their administrative motion to file a separate Evidentiary Objection Document or, in the alternative, to increase the page limit for Plaintiffs' memorandum in opposition Defendant's Motion to Compel Arbitration and Stay Proceedings by 5 pages (not to exceed 20 pages).

Dated: August 18, 2023

HAMMONDLAW, P.C.

By: */s/ Christina Tusan*
Christina Tusan
Attorneys for Plaintiffs and the Putative Classes

**[~~PROPOSED~~] ORDER**

WHEREAS, on August 18, 2023, Plaintiffs Nicholas C. Smith-Washington, Joyce Mahoney, Jonathan Ames, and Jenny Lewis ("Plaintiffs") filed an Administrative Motion to file a document that includes evidentiary objections to the Jeager Declaration ("Evidentiary Objection Document"), or, in the alternative, increase the page limit for Plaintiffs' memorandum in opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings by 5 pages (not to exceed 20 pages), pursuant to Civil Local Rule 7-11;

WHEREAS, also on August 18, 2023, Plaintiffs concurrently filed the Declaration of Christina Tusan in Support of Plaintiffs' Administrative Motion;

WHEREAS, having fully considered the matter, the Court finds that:

[Plaintiffs may file an Evidentiary Objection Document at the same time as they file their Opposition to Defendant's Motion to Compel Arbitration]

OR

[that an extension of the page limit of Plaintiffs' memorandum in opposition to Defendant's Motion to Compel Arbitration by 5 pages (not to exceed 20 pages) is appropriate in order for Plaintiffs to be able to properly address the issues raised in that Motion];

THEREFORE, the Court GRANTS:

[Plaintiff's Administrative Motion to file an Evidentiary Objection Document ]

OR

[ Plaintiffs' Administration Motion to Increase Page Limit, and Plaintiffs' memorandum in opposition to Defendant's Motion to Compel Arbitration shall not exceed 20 twenty pages.]

IT IS SO ORDERED.

Dated: August 29, 2023

HONORABLE VINCE CHABRIA
UNITED STATES DISTRICT JUDGE