JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
CHRISTINA TUSAN (SBN 192203)
ctusan@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiffs and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NICHOLAS C. SMITH-WASHINGTON, JOYCE MAHONEY, JONATHAN AMES, and JENNY LEWIS** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**TAXACT, INC.**, an Iowa Corporation,<br><br>Defendant. | **Case No. 3:23-CV-830-VC**<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE THE HEARING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>**LOCAL RULE 6-3**<br><br>**Hon. Vince Chhabria** |

## I. INTRODUCTION

Plaintiffs Nicholas C. Smith-Washington, Joyce Mahoney, Jonathan Ames, and Jenny Lewis ("Plaintiffs") hereby move this Court for an order continuing the November 30, 2023, hearing on Defendant TaxAct, Inc.'s ("Defendant" or "TaxAct") Motion to Compel Arbitration and Stay until January 18, 2024.[1] This continuance will allow Plaintiffs time to seek leave to file a Second Amended Complaint (1) adding Avantax, Inc., TaxAct's former parent, as a named Defendant; (2) adding a cause of action based on a Third-Party Beneficiary Claim; and (3) changing the class definition to exclude consumers who are seeking to resolve their claims via arbitration. The amended complaint, if filed, will moot Defendant's pending Motion to Compel Arbitration for two reasons. First, the claims against Avantax will not be subject to the arbitration provision in TaxAct's Terms of Service because that provision does not address or purport to cover claims against any entity or person other than TaxAct or its customers. Second, the cause of action based on a Third-Party Beneficiary Claim also cannot be compelled to arbitration because it is not covered by TaxAct's arbitration provision. It relies on a wholly independent contract between TaxAct and Meta, Inc., governing TaxAct's use of the Meta Pixel; it does not arise out of and is not related to TaxAct's Terms of Service or TaxAct's "Services" (as defined in the Terms of Service).

Plaintiffs will suffer substantial harm and prejudice if this motion is not granted because, if the Court grants Defendant's pending Motion to Compel Arbitration, this case will either be dismissed or stayed, and Plaintiffs will be unable to amend their Complaint at all.

Plaintiffs did not discover all of the facts necessary to amend their Complaint until after engaging in discovery following the filing of their First Amended Complaint on June 20, 2023. Plaintiffs also did not move to amend their Complaint earlier because the parties had agreed to attend mediation on November 20, 2023. However, the mediation was unsuccessful, and Plaintiffs are now wasting no time seeking leave to amend their Complaint.

Defendant has refused to agree to the requested relief, thus necessitating this motion.

---

[1] Plaintiffs anticipate filing their Motion for Leave to File Second Amended Complaint by November 27, 2023. The earliest hearing date Plaintiffs can note their anticipated Motion for (under Local Rule 7-2 and based on available dates listed on the Court's online calendar) is January 11, 2024. Plaintiffs therefore seek to continue the hearing on Defendant's pending Motion to Compel Arbitration until the next available hearing date after January 11, which is January 18, 2024. Declaration of Julian Hamond, filed herewith, ¶ 8.

## II. BACKGROUND

On January 24, 2023, Plaintiff Smith-Washington filed this putative class action lawsuit alleging that Defendant secretly disclosed its California customers' confidential personal and financial information to Meta Platforms, Inc., an unauthorized third party. Defendant removed this case on February 23, 2023. Dkt. 1. On June 20, 2023, Plaintiffs filed their First Amended Complaint: adding Plaintiffs Mahoney, Ames, and Lewis; expanding the class definition to cover all persons nationwide who used TaxAct's website's tax preparation services to prepare a tax return, with a California subclass; adding a second putative class of "Married Filers," whose spouses used TaxAct's website's tax preparation services to prepare a joint tax return with them; and, asserting ten causes of action for: Common Law Invasion of Privacy; Invasion of Privacy and Violation of California Constitution, Art. 1, § 1; Violation of Business & Professions Code §§ 17530.5, *et seq.*; Violation of the Tax Preparation Act, Business & Professions Code §§ 22250, et seq.; Violation of California Civil Code §§ 1799, et seq. (in the alternative); Violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq.; Violation of California Invasion of Privacy Act (CIPA), Penal Code §§ 630, et seq.; Violation of the Comprehensive Computer Data Access and Fraud Act (CDAFA), Penal Code § 502; Violation of Cal. Penal Code §§ 484, 496; and Violation of Business & Professions Code §§ 17200 et seq. Dkt. 56.

Thereafter, the parties entered into a Stipulated Protective Order. Dkt. 74. In July 2023, Plaintiffs served Requests for Production and Interrogatories. In August 2023, Plaintiffs took depositions of two of TaxAct's employees. Through discovery, Plaintiffs became aware that Avantax, TaxAct's former parent, was involved in the configuration and placement of tracking pixels on TaxAct's website during the Class Period, executed contracts with third parties regarding the use of tracking pixels on TaxAct's website during the Class Period, and, thus, could be named as a Defendant on several of Plaintiffs' causes of action. *Id*. Plaintiffs also ascertained that TaxAct and Meta, Inc. entered into a contract governing TaxAct's use of Meta's Meta Pixel, and because a motivating purpose of that contract was to benefit consumers (including Plaintiffs and Class Members), Plaintiffs and Class Members could allege a cause of action as third-party beneficiaries to TaxAct's contract with Meta. Hammond Decl. ¶ 4.

On July 12, 2023, Defendant TaxAct, Inc. filed its Notice of Motion and Motion to Compel Arbitration and Stay Proceedings. Plaintiffs filed their opposition papers on August 29, 2023, which consisted of a 22-page brief, over 500 pages of supporting documents including deposition transcripts from the above-mentioned depositions and declarations from all four named Plaintiffs, and a 34-page evidentiary objection to TaxAct's supporting declaration. Dkts. 79-80. On September 7, 2023, Defendant filed its reply brief and its response to Plaintiffs' evidentiary objections. Dkt. 82.

After Plaintiffs had filed their Opposition papers, in September 2023, the parties agreed to attend mediation, and stipulated to continue the hearing on Defendant's Motion to Compel Arbitration until November 30, 2023. Dkt. 88. The parties attended a full day mediation with Hunter Hughes on November 20, 2023, but were unable to reach a settlement. Hammond Decl. ¶ 6.

As soon as the mediation ended, Plaintiffs' Counsel requested that TaxAct stipulate to filing a Second Amended Complaint or stipulate to continue the hearing on TaxAct's Motion to Compel until after the Court rules on Plaintiffs' Motion for Leave to File Second Amended Complaint. Hammond Decl. ¶ 7. Defendant did not stipulate to either request. *Id*.

## III. ARGUMENT

The Court should grant this administrative motion because Plaintiffs have not been dilatory in seeking to amend their Complaint, and Plaintiffs and the putative class will suffer prejudice if they are not given the opportunity to seek leave to do so.

### 1. Plaintiffs Will Suffer Prejudice if the Hearing is Not Continued

In its pending motion scheduled for hearing on November 30, 2023, TaxAct seeks to compel Plaintiffs' claims to arbitration and to stay or dismiss the case. If the Court grants that Motion, Plaintiffs will be unable to amend their Complaint to seek the broadest possible relief for the class. Plaintiffs will also be precluded from seeking relief, in this case, from Avantax, an entity who Plaintiffs believe is liable on several of Plaintiffs' causes of action. Hammond Decl. ¶ 10.

Moreover, if the requested relief is not granted, Plaintiffs may need to file a separate lawsuit against Avantax in order to preserve their rights and the rights of the Class. This will waste the resources of the parties and the Court because the causes of action are identical, or closely-related,

and based on the same underlying factual allegations, as to both TaxAct and Avantax. Hammond Decl. ¶ 11.

Thus, Plaintiffs and the putative class will suffer substantial harm and prejudice if this motion is not granted.

**2. Plaintiffs Have Not Delayed Seeking to Amend their Complaint**

Plaintiffs have not been dilatory in seeking to amend their Complaint. Plaintiffs started engaging in discovery after filing their First Amended Complaint on June 20, 2023, including serving formal written discovery and taking depositions of two of TaxAct's employees. Plaintiffs then spent substantial time opposing Defendant's Motion to Compel Arbitration. Hammond Decl. ¶ 4-5. After Plaintiffs filed their opposition, the parties agreed to attend mediation, and spent substantial time over the next six weeks drafting a detailed brief and meeting and communicating with Defendant regarding the mediation and potential settlement. Id. ¶ 6. As soon as the mediation ended, Plaintiffs' Counsel requested that Tax Act stipulate to filing a Second Amended Complaint; or stipulate to continue the hearing on its Motion to Compel until after the Court rules on Plaintiffs' Motion for Leave to File a Second Amended Complaint. Id. ¶ 7. Defendant did not stipulate to either request. Accordingly, there has been no unreasonable delay.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their request for an order continuing the hearing on Defendant's Motion to Dismiss until January 18, 2024.

DATED: November 21, 2023

Respectfully submitted,

s/ Julian Hammond
Julian Hammond
HammondLaw, P.C.
*Attorneys for Plaintiffs and the Putative Classes*