EXHIBIT 2

1 | JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
2 | CHRISTINA TUSAN (SBN 192203)
ctusan@hammondlawpc.com
3 | ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
4 | ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
5 | POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
6 | HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
7 | Tacoma, WA 98402
(310) 601-6766 (Office)
8 | (310) 295-2385 (Fax)

*Attorneys for Plaintiffs and the Putative Classes*

*Additional Counsel on the next page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS C. SMITH-WASHINGTON, JOYCE MAHONEY, JONATHAN AMES, MATTHEW HARTZ, and JENNY LEWIS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**TAXACT, INC.**, an Iowa corporation,<br><br>Defendant. | Case No. 3:23-CV-830-VC<br><br>**PLAN OF ALLOCATION** |

WARREN D. POSTMAN (SBN 330869)
wdp@kellerpostman.com
KELLER POSTMAN LLC
1101 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036
(312) 741-5220 (Office)
(312) 971-3502 (Fax)

ETHAN H. AMES (SBN 339027)
ethan.ames@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
(312) 741-5220 (Tel.)
(312) 971-3502 (Fax)

# PLAN OF ALLOCATION

1. **Definitions.** Unless otherwise defined, terms used in this Plan of Allocation have the same meaning as in the Class Action Settlement Agreement and Release ("Settlement Agreement").

2. **Non-reversionary common fund.** This is a common fund settlement; there shall be no reversion of the Qualified Settlement Fund to Defendant TaxAct, Inc. ("Defendant") upon the occurrence of the Effective Date.

3. **No effect on Releases.** This Plan of Allocation does not, and is not intended to, affect the scope of the Released Claims or any other part of the Releases.

4. **Plan of Allocation not a necessary term.** The Plan of Allocation is a matter separate and apart from the proposed Settlement Agreement between Defendant and the Settlement Class Representatives, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement Agreement. The Plan of Allocation is not a necessary term of the Settlement Agreement, and it is not a condition of the Settlement Agreement that any particular plan of allocation be approved by the Court. Any order relating solely to the allocation of the Net Settlement Fund among the Authorized Claimants, or any request for further judicial review from any order relating solely thereto, or reversal or modification thereof, shall not operate to terminate the Settlement Agreement.

5. **Distribution to Authorized Claimants**. The Net Settlement Fund shall be allocated to each Authorized Claimant pro rata by reference to the total number of allocation points assigned to all Authorized Claimants. Authorized Claimants will be allocated points according to the Settlement Class or Subclass of which they are a member. If an Authorized Claimant was a member of one Class or a Subclass during a portion of the Class Period and was a member of a different Class or Subclass during a different portion of the Class Period, the Authorized Claimant will be assigned allocation points for the Class or Subclass to which the Authorized Claimant belonged that has the highest number of allocation points. Allocation points shall be assigned as follows: Members of the Nationwide Class are assigned 3 allocation points; Members of the California Subclass are assigned 6 allocation points; Members of the Nationwide Married Filing Jointly Class are assigned 1 allocation point; and Members of the California Married Filing Jointly Subclass are assigned 2 allocation points.

6. **Minimum payment.** Notwithstanding Section 5, the Settlement Administrator shall have the discretion, after consulting with Class Counsel, to select an amount for minimum payments to Authorized Claimants, with the goal of ensuring that payments to Authorized Claimants are administratively and economically feasible and that as much of the Net Settlement Fund as possible is actually distributed to Authorized Claimants. The Court shall be informed of the amount of the minimum payment before the Net Settlement Fund is distributed to Authorized Claimants.

7. **Unclaimed payments.**
   a. If a payment made according to sections 5-6 and distributed to an Authorized Claimant via a check is not negotiated within ninety (90) days after the Settlement Administrator has contacted, or made reasonable attempts to contact, the Authorized Claimant, the Authorized Claimant shall be deemed to have waived and released their claim for payment under the Settlement Agreement. If an Authorized Claimant reasonably requests that a check be reissued, the Settlement Administrator shall reissue it.
   b. If a check to an Authorized Claimant is returned as undeliverable, the Settlement Administrator shall attempt to obtain a new mailing address for the Authorized Claimant and effect a second mailing. If, after a second mailing, the check is again returned as undeliverable, or if the Settlement Administrator, after reasonable efforts, is unable to determine a second mailing address, there is no obligation to take further efforts to distribute the check, and the Authorized Claimant shall be deemed to have waived and released their claim for payment under the Settlement Agreement.
   c. If a payment is made according to sections 5-6 and distributed to the Authorized Claimant electronically (including via ACH, if such means of payment is made available) and is unable to be processed, the Settlement Administrator shall make reasonable efforts to contact the Authorized Claimant to correct the problem. If the Authorized Claimant does not provide a means of payment within a reasonable amount of time, or provides a means of payment that is unable to be processed,

there is no obligation to take further efforts to distribute the payment, and the Authorized Claimant shall be deemed to have waived and released their claim for payment under the Settlement Agreement.

8. **Residual funds.** Any portion of the Attorneys' Fees and Expenses Award based on the In-Kind Payment and held back by the Settlement Administrator that is not ultimately distributed as attorneys' fees to Settlement Class Counsel will be distributed to the National Consumer Law Center as *cy pres*. After the process outlined in section 5-7 is completed, there may be funds remaining in the Net Settlement Fund. Any such remaining funds shall be distributed as follows:

   a. If it is administratively and economically feasible to distribute the remaining funds to all Authorized Claimants or some portion thereof, then Class Counsel, in consultation with the Settlement Administrator, shall propose to the Court an equitable method for doing so. Such method of distribution shall be effected if the Court approves (or approves it in modified form).

   b. To the extent there is no distribution of remaining funds according to subsection a of this section, or if funds still remain after distribution according to subsection a of this section, the Parties shall confer and present to the Court a proposal for treatment of the remaining funds. Such proposal shall be effected if the Court approves (or approves it in modified form).

9. **Modification of provisions related to unclaimed payments and residual funds**. Should the Parties agree, after final approval of the Settlement Agreement, that the provisions of this Plan of Allocation governing unclaimed payments and residual funds should be modified in the interests of justice, they shall seek the Court's approval for such modification. If the Court approves, the provisions governing unclaimed payments and residual funds shall be effected as modified.

10. **In-Kind Payments**. Pursuant to the Parties' Settlement Agreement, all Authorized Claimants will be provided an In-Kind Payment, in an easy-to-redeem format, in the form of TaxAct® Xpert Assist ("Xpert Assist"). Xpert Assist is an add-on feature that TaxAct offers to its customers that provides live advice and assistance from tax experts to customers completing a tax return through TaxAct. TaxAct will provide complimentary Xpert Assist to Authorized Claimants to use in

connection with preparing a tax return using any TaxAct online do-it-yourself consumer Form 1040 tax return filing product (including TaxAct's free product), applied to tax year 2024. *Id*. Specifically, upon entering their Social Security number into the TaxAct platform, which occurs at the beginning of the tax return form process, Authorized Claimants will receive a pop-up alerting them to their complimentary Xpert Assist and they will be able to add and use Xpert Assist immediately.