**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NICHOLAS C. SMITH-WASHINGTON, JOYCE MAHONEY, JONATHAN AMES, MATTHEW HARTZ, and JENNY LEWIS on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | Case No. 3:23-CV-00830-VC<br>Assigned to Hon. Vince Chhabria<br><br>**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASSES; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)(1); AND APPROVING FORM AND CONTENT OF CLASS NOTICE** |

WHEREAS, Plaintiffs Nicholas C. Smith Washington, Joyce Mahoney, Jonathan Ames, Jenny Lewis, and Matthew Hartz (together, "Settlement Class Representatives"), and Defendant TaxAct, Inc. ("TaxAct") (collectively "Parties"), entered into a Settlement Agreement on February 21, 2024 (ECF. No. 121), which, together, with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, this Court has reviewed the Settlement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments;

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Classes meet all the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification—numerosity, commonality, typicality, and adequacy—and meets the requirements of Federal Rule of Civil Procedure 23(b)(3)—predominance of common issues, and superiority;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:[1]

---

[1] All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

**<u>Preliminary Certification of Settlement Classes for Purpose of Settlement Only and</u>**

**<u>Appointment of Class Counsel and Settlement Class Representatives</u>**

1.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Classes.  Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Classes, as set forth in Paragraph 55 of the Settlement Agreement and defined as follows, are preliminarily certified for the purpose of settlement only:[2]

      a.   "Nationwide Class" includes all natural persons who used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a tax return using the TaxAct online product during the Class Period, and whose postal address listed on such tax return was in the United States. The Nationwide Class includes the California Subclass.

          i.   "California Subclass" includes all natural persons who used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a tax return using the TaxAct online product during the Class Period, and whose postal address listed on such tax return was in California.

      b.   "Nationwide Married Filing Jointly Class" includes all natural persons whose spouse used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a joint tax return using the TaxAct online product during the Class Period, and whose postal address listed on such joint tax return was in the United States. The Nationwide Married Filing Jointly Class includes the California Married Filing Jointly Subclass.

          i.   "California Married Filing Jointly Subclass" includes all natural persons residing in California during the Class Period whose spouse used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a joint tax return using the TaxAct online product during the Class Period, and whose postal address listed on such joint tax return was in California.

---

[2] "Class Period," as set forth in Paragraph 27 of the Settlement Agreement, means the time period from January 1, 2018, through December 31, 2022, during which Settlement Class Representatives and members of the Settlement Class used TaxAct's tax preparation services to prepare a tax return.

1

[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)(1); AND APPROVING
FORM AND CONTENT OF CLASS NOTICE
CASE NO. 3:23-CV-00830-VC

2.  Excluded from the Settlement Classes are: TaxAct, its current, former and/or future parents, subsidiaries, divisions, affiliates and/or departments, and their employees, officers, directors, management, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies during the Class Period or thereafter; counsel for Plaintiffs and their employees, including but not limited to the undersigned counsel for Plaintiffs and the undersigned counsel's employees; any district judge or magistrate judge to whom this case is or was assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities; customers who only used TaxAct's download do-it-yourself consumer Form 1040 tax return filing product, TaxAct's Professional products, or TaxAct's online do-it-yourself business tax return filing products; and all individuals who have, as of January 9, 2024, filed a demand for arbitration against TaxAct to arbitrate claims that would otherwise be released in accordance with the terms of this Settlement Agreement unless those individuals elect to opt-in to the Settlement Classes by filing a timely Claim Form.

3.  Plaintiffs Nicholas C. Smith-Washington, Joyce Mahoney, and Jonathan Ames shall be appointed as Settlement Class Representatives of the Nationwide Class and the California Subclass. Plaintiff Matthew Hartz shall be appointed as an additional Settlement Class Representative of the Nationwide Class.  Plaintiff Jenny Lewis shall be appointed as Settlement Class Representative of the Nationwide Married Filing Jointly Class and the California Married Filing Jointly Subclass.

4.  The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Classes as defined above meet the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Classes as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); and that the claims of the proposed Settlement Class Representatives are typical of the claims of the Settlement Classes under Rule 23(a)(3).

5.  In addition, the Court preliminarily finds that the Class Counsel and Settlement Class Representatives will fairly and adequately represent the interests of the Settlement Classes under Rule 23(a)(4), have done so, and meet the requirements of Rule 23(g) and, therefore, appoints them as

1    Class Counsel and Settlement Class Representatives under Rules 23(c)(1)(B) and 23(g).

2          6.      If the Settlement Agreement is not finally approved by this Court, or if such final

3 approval is reversed or materially modified on appeal by any court, this Order (including but not

4 limited to the certification of the Settlement Classes) shall be vacated, null and void, and of no force

5 or effect, and TaxAct and Settlement Class Representatives shall be entitled to make any arguments

6 for or against certification for litigation purposes.

7          7.      Class Counsel and the Settlement Class Representatives are appointed as adequate

8 representatives of the Settlement Classes.

9 **Notice to Settlement Classes**

10          8.      Thirty (30) calendar days after the issuance of this Order, TaxAct shall cause to be

11 paid a portion a sum to be determined and sufficient to effectuate the Notice Plan to the Settlement

12 Administrator (the "Initial Deposit"). This deadline may be extended by consent of the Parties and

13 the Settlement Administrator.

14          9.      Following issuance of this Order, and after payment of the Initial Deposit, TaxAct

15 shall cause to be paid all periodic subsequent amounts for Class Notice and Administration Costs (as

16 invoiced by the Settlement Administrator and approved by Settlement Class Counsel and TaxAct)

17 (the "Periodic Payments") (with Notice and Administration Costs in excess of Two Million Five

18 Hundred Thousand ($2,500,000.00) U.S. Dollars and Zero Cents to be deducted from the Net

19 Settlement Fund) within thirty (30) calendar days after the submission of an invoice by the Settlement

20 Administrator. The deadline may be extended by mutual consent of the Parties and the Settlement

21 Administrator.

22          10.      Fourteen (14) calendar days after the issuance of this Order, TaxAct shall provide or

23 cause to be provided to the Settlement Administrator information about the Settlement Class

24 Members required by the Settlement Administrator to effectuate the Notice Plan.

25          11.      The Court approves the Notice Plan and Class Notice, substantially in the form set forth

26 at Exhibits B-D of the Settlement Agreement, complies with 28 U.S.C. § 1715 and all other provisions

27 of the Class Action Fairness Act of 2005.

3

28

12.     The Settlement Administrator and TaxAct shall provide Class Notice consistent with the Notice Plan outlined in Exhibit B, and Class Notice shall be disseminated to Settlement Class Members beginning forty-five (45) calendar days after the issuance of this Order.

13.     The Court appoints Kroll Settlement Administration LLC, ("Kroll") located at 2000 Market Street, Suite 2700, Philadelphia, PA 19103, to serve as the Settlement Administrator.  Kroll shall establish the Net Settlement Fund as a Qualified Settlement Fund for U.S. federal income tax purposes within the meaning of Treas. Reg. Sections 1.468B-1 through 1.468B-5, as set forth in the Settlement Agreement, supervise and administer the notice procedures, establish and operate the settlement website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

14.     The Settlement Administrator shall make all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by TaxAct or Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing Class Notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

15.     Settlement Class Members who wish to make a claim must do so by submitting a Claim Form within ninety (90) days from the Notice Date, (the "Claims Submission Deadline"), in accordance with the instructions contained therein.  The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Net Settlement Fund in accordance with the Settlement Agreement.

16.     Settlement Class Members who wish to object to the Settlement must object in writing, and must include: (a) case name and number of the Action: (b) the full name, address, telephone number, and email address of the objecting Settlement Class Member and, if represented by counsel,

4

of his/her counsel; (c) the email address associated with the objector's TaxAct account, or the email address associated with their Spouse's TaxAct account if the objector is a Married Filing Jointly Class Member; (d) a statement of whether the objection applies only to the objector, to a specific subset of the classes, or to an entire class; (e) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement, along with the caption of each case in which the objector has made such objection; (f) a statement whether the objector has sold or otherwise transferred the right to their recovery in this Action to another person or entity, and, if so, the identity of that person or entity; (g) a statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection; (h) a  statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (i) The objector's signature.  If an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), these requirements may be excused by the Court upon a showing of good cause. Objections must be filed with the Court or post-marked or electronically submitted to the Settlement Administrator no more than sixty (60) days from the Notice Date (the "Objection Deadline").

17.     Any Settlement Class Member who seeks to be excluded from the Settlement Classes must submit a written request for exclusion that shall be submit a written opt-out form to the administrator requesting exclusion, which shall be postmarked or electronically submitted no later than ninety (90) days from the Notice Date (the "Opt-Out Deadline").  To be an effective and valid written request for exclusion, the request must: (a) identify the case name and number of the Action: (b) identify the full name and current address of the individual seeking exclusion from the Settlement; (c) be personally signed by the individual seeking exclusion; (d) include a statement clearly indicating the individual's intent to be excluded from the Settlement; (e) request exclusion only for that one individual whose personal signature appears on the request; (f) include the contact information (i.e., first and last name, email address, phone number, and mailing address) associated with the TaxAct account of the individual seeking exclusion, or their spouse's TaxAct account if the individual is a Married Filing Jointly Class Member; and (g) verify that the individual seeking exclusion used

TaxAct's services during the Class Period and is part of the Settlement Class. Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

**Final Approval Hearing**

18.     The Final Approval Hearing shall be held by the Court on November 21, **2024**, beginning at 2:00 PM, to determine whether the requirements for certification of the Settlement Classes have been met; whether the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's motion or application for an Attorneys' Fees and Expenses Award and application for the Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Settlement Class Representatives and all other Settlement Class Members should be entered. The Final Approval Hearing may, without further notice to the Settlement Class Members (except to those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

19.     Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a notice of intention to appear in the body of the objector's objection. Objectors who fail to submit or include such timely notice of intention to appear may not speak at the Final Approval Hearing without permission of the Court.

20.     Class Counsel shall file all papers in support of the application for Attorneys' Fees and in support of an Expenses Award and/or for Service Awards at least 14 days before the deadline for objecting to the settlement. All opposition papers shall be filed no more than 30 days after the motion for Attorneys' Fees and any reply papers shall be filed no more than 14 days after the opposition was due.

21.     One hundred and twenty (120) days after the Notice Date, Class Counsel shall file all

1  papers in support of the application for the Final Approval Order and Final Judgment.  Any reply

2  papers regarding objections to the settlement and to update the Court regarding notice and

3  administration shall be filed no more than 14 days after the application for Final Approval and Final

4  Judgment.

5  22.     Class Counsel's motion or application for Attorneys' Fees and an Expenses Award

6  and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy

7  of the Settlement.  Any appeal from any order relating solely to Class Counsel's motion for Attorneys'

8  Fees and an Expenses Award, and/or for Service Awards, or any reversal or modification of any such

9  order, shall not operate to terminate, vacate, or cancel the Settlement.

10  23.     Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable

11  procedures in connection with the administration of the Settlement which are not materially

12  inconsistent with either this Order or the Settlement Agreement.

14  IT IS SO ORDERED.

16  DATED:  April 29, 2024

_____
The Honorable Vince Chhabria
United States District Judge