Scott Dodson
3286 Sweet Dr.
Lafayette, CA 94549
925-285-1445
dodson@alumni.duke.edu

July 17, 2024

Class Action Clerk
United States District Court for the Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489

RE: Objection to Settlement in Smith-Washington v. TaxAct, No. 3:23-cv-00830 (N.D. Cal.)

Dear Class Action Clerk:

I am a class member in the above-captioned case. My class member ID is 83015HNB3PT5X. I file this objection to the settlement on behalf of myself and all other similarly situated class members, and I request to be heard at the approval hearing.

**Background**

I am also a law professor at the University of California College of the Law, San Francisco, where I teach and write about federal civil procedure, including class actions. I have written numerous articles about class actions and have testified regarding the approval of class actions in federal court. I also am a coauthor, along with Stanford Law Professor Joe Grundfest, of the forthcoming article *Missing Millions*, and I am a coauthor, along with attorney Brandon Prince and retired Judge Vaughn Walker, of the white paper *Preliminary Report on Class-Action Settlements in the Northern District of California*, both of which are cited below. However, I file this objection solely in my individual capacity as a class member in this case. No attorney represents me.

I have been a member of many class actions, but I have objected only once previously, in *Lucero v. SolarCity Corp.*, No. 3:15-cv-05107-RS. I have not sold or transferred my right to recovery in this case.

**Summary of Objection**

I have only one objection to the proposed settlement in this case, which could be easily remedied. The settlement and plan of allocation do not contain adequate detail to ensure appropriate distribution of any residual amount of the settlement fund. This defect could be remedied either by (a) the issuance of a specific court order to ensure proper oversight of the residual-distribution process, or (b) amendment of the settlement or plan of allocation to provide for more specific detail of the process for distributing any residual.

## Basis for the Objection

The proposed settlement and plan of allocation do not provide sufficient detail to ensure proper distribution of residual funds.

### A. Class counsel's duties to the class extend to settlement provisions and settlement administration.

Throughout the lifespan of the class action, and through the settlement process, the class is the party to the action and the client of class counsel. *See* Fed. R. Civ. P. 23 (referring to a certified class as the party to the action). Class counsel represents the class as a whole, not individual class members or their named representatives, and that representation imposes a duty on class counsel to fairly and adequately represent the interests of the class as a whole. *See* Fed. R. Civ. P. 23(g)(4). The court also has independent obligations to ensure the adequate and fair representation of the class, especially at the settlement stage. *See* Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997); Kim v. Allison, 8 F.4th 1170, 1178 (9th Cir. 2021) ("The district court must act as a fiduciary, protecting the interests of absent class members by scrutinizing the settlement's fairness in light of the well-established factors."). Thus, all provisions in the settlement and plan of allocation must be scrutinized to ensure that they adequately and fairly further the interests of the class as a whole.

### B. Class counsel's duty to provide for appropriate distribution of settlement-fund residuals requires detailing a method for fairly and equitably distributing the residual to the class or identifying an appropriate cy pres recipient.

Residuals in class actions are commonplace, and the settlement plan for distributing those residuals must further the interests of the class. The American Law Institute favors distributing residuals on a pro rata basis to claimant class members. *ALI Principles of the Law of Aggregate Litigation* § 3.07. But when that method is prohibitively expensive or difficult logistically, two other options remain.

One is to give each claimant class member a pro rata lottery chance to win the residual amount. *See* Shay Lavie, *Reverse Sampling: Holding Lotteries to Allocate the Proceeds of Small-Claims Class Actions*, 79 GEO. WASH. L. REV. 1065 (2011). As long as each claimant class member is treated equitably relative to each other in the lottery chance, a lottery complies with Rule 23(e).

The other, which many courts endorse, is to provide for a cy pres recipient. *See* Rhonda Wasserman, *Cy Pre in Class Action Settlements*, 88 S. CAL. L. REV. 97 (2014). The Norman phrase "cy pres" means "as near as possible," and the theory is that distribution of a settlement residual to the entity who best can use the money to further the interests of the class is a fair and equitable distribution of the class's residual funds. *Id.* at 117.

Cy pres distributions present two problems. One is that class-recovery funds may be given to a third party who does not best represent the interests of the class. In that case, the distribution is an unjustified diversion of the class's recovery. *See* Martin H. Redish et al., *Cy Pres Relief and the Pathologies of the Modern Class Action: A Normative and Empirical Analysis*, 62 FLA. L. REV.

617, 644–47 (2010); *cf.* Adam Liptak, *Doling Out Other People's Money*, N.Y. TIMES, Nov. 26, 2007, at A14 (reporting that "judges are turning into grant administrators" by "doling out leftover class-action settlement money, sometimes to organizations only tangentially related to the subject of the lawsuit"). Thus, the Ninth Circuit has rejected cy pres distributions to otherwise worthy charitable organizations, such as food banks, when those organizations did not represent the *legal* interests of the class. *E.g.*, Dennis v. Kellogg Co., 697 F.3d 858, 867 (9th Cir. 2012).

The other is that the cy pres recipient may present a risk of a conflict of interest because of connections to the court, counsel, or settlement administrator. The appearance of a conflict raises the risk that the cy pres recipient was selected not because it would best represent the interests of the class but because of its relationship with one or more of the legal actors. The appearance of a conflict also damages public confidence in the civil-justice system's neutrality and impartiality. *See* JOHN H. BEISNER ET AL., CY PRES: A NOT SO CHARITABLE CONTRIBUTION TO CLASS ACTION PRACTICE 13–14 (2010). For that reason, the Ninth Circuit has directed courts to scrutinize cy pres recipients for conflicts of interest. *See, e.g.*, Nachshin v. AOL, LLC, 663 F.3d 1034, 1041 (9th Cir. 2011). The *ALI Principles* also counsel rejecting a recipient with "any significant prior affiliation" with the judge or parties that "would raise substantial questions about whether the selection of the recipient was made on the merits." *ALI Principles* § 3.07.

These are not merely theoretical concerns. One recent study showed significant evidence of widespread improper selection of cy pres recipients. *See* Scott Dodson & Joseph A. Grundfest, *The Missing Millions: Cy Pres in Federal Securities Class Actions*, 74 EMORY L.J. 1 (2024).

To guard against these concerns, class counsel should identify the cy pres recipient and show the appropriateness of that recipient by explaining how that recipient will best further the interests of the class and by confirming that the cy pres recipient presents no conflicts of interest. These best practices are confirmed in Section 8 of the Northern District of California Procedural Guidance for Preliminary Approval, which states:

> If the settlement contemplates a cy pres award, the parties should identify their chosen cy pres recipients, if any, and how those recipients are related to the subject matter of the lawsuit and the class members' claims. The parties should also identify any relationship they or their counsel have with the proposed cy pres recipients.

Thus, class counsel's duties to the class extend to providing a mechanism for fairly disposing of any settlement residual, such as by providing for pro-rata distribution, a lottery procedure, or identification of a conflict-free cy pres recipient who will best use the funds to advance the class's legal interests.

## C. The settlement and plan of allocation do not provide sufficient details about the planned distribution of residuals.

The settlement and plan of allocation do not provide sufficient details to ensure that any residuals are distributed appropriately. The only part of the settlement addressing residuals at all is paragraph 94, which proposes to distribute any held-back portion of the attorney fees and

expenses award to the National Consumer Law Center. The only part of the plan of allocation addressing residuals is paragraph 8, which states:

> Any portion of the Attorneys' Fees and Expenses Award based on the In-Kind Payment and held back by the Settlement Administrator that is not ultimately distributed as attorneys' fees to Settlement Class Counsel will be distributed to the National Consumer Law Center as cy pres. After the process outlined in section 5-7 is completed, there may be funds remaining in the Net Settlement Fund. Any such remaining funds shall be distributed as follows:
>
> a. If it is administratively and economically feasible to distribute the remaining funds to all Authorized Claimants or some portion thereof, then Class Counsel, in consultation with the Settlement Administrator, shall propose to the Court an equitable method for doing so. Such method of distribution shall be effected if the Court approves (or approves it in modified form).
>
> b. To the extent there is no distribution of remaining funds according to subsection a of this section, or if funds still remain after distribution according to subsection a of this section, the Parties shall confer and present to the Court a proposal for treatment of the remaining funds. Such proposal shall be effected if the Court approves (or approves it in modified form).

My review of the motion for settlement approval reveals no information pertaining to the justification for the selection of the National Consumer Law Center as cy pres recipient or to any other details about distribution of residuals.

Class counsel have provided no evidence that the National Consumer Law Center is a conflict-free recipient and have not explained how that entity would best represent the interests of the class. The latter requirement is unlikely to be satisfied. The National Consumer Law Center "uses the tools of advocacy, education, and litigation to fight for economic justice for low-income and other vulnerable people who have been abused, deceived, discriminated against, or left behind in our economy." www.nclc.org/about-us. The organization appears to engage in a wide-ranging set of legal areas, including criminal justice, energy, and student loans, www.nclc.org/our-work, most of which have nothing to do with this lawsuit. Further, the focus of the organization is on low-income and other vulnerable people, yet the class claims and class members in this lawsuit are not confined to low-income or other vulnerable people.

It is true that the plan of allocation contemplates a post-approval process for distributing any residual funds, and that the process appropriately entails identifying "an equitable method" for distributing the residual to the class or some other "proposal for treatment of the remaining funds," which must be approved by the court. Plan of Allocation para. 8. But neither the settlement nor the plan of allocation is specific or detailed enough to comply Northern District of California's Procedural Guidance. Nor does either give any assurance that the unspecified future process will follow the Guidance and the principles I have identified in this letter. Evidence of typical settlement-administration practice suggests that, by the time the distribution of residual funds is ready, often many years after formal settlement approval, neither class counsel nor courts give that

process the attention and scrutiny needed to ensure appropriate disposition of residual funds. *See* Dodson & Grundfest, *supra*; *see also* Brandon A. Prince, Vaughn R. Walker & Scott Dodson, *Preliminary Report on Class-Action Settlement Distributions in the Northern District of California* (May 30, 2023) (finding compliance with the Guidance infrequent without a specific court order). As this is my only opportunity to object, I respectfully object to the bareness of the settlement and plan of allocation regarding the treatment of any residual funds, at least without the protection of a specific court order to ensure that those details are properly proposed and approved.

**Fixing the Problem**

My objection is modest and easily fixable in one of two ways.

The easiest, and perhaps most appropriate, way is by the issuance of a specific court order directing class counsel to file a motion for distribution approval of any residual when the time for residual distribution has arisen. The order should direct class counsel to explain, in the motion, how the proposed distribution satisfies class counsel's duties to the class. If the proposal is for distribution to the class, class counsel should explain how the proposed distribution treats class members fairly and equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii) (directing the court to consider "the effectiveness of any proposed method of distributing relief to the class"). If the proposal is for distribution to a cy pres recipient, then class counsel should explain how that recipient's use of the funds will best advance the legal interests of the class and should disclose all potential conflicts that recipient has. *See* Dodson & Grundfest, *supra* (stating that "courts should, when entering a settlement-approval order, include in the order a directive to the parties to comply with cy pres distribution expectations, including obtaining specific approval from the court, with full disclosure of all relevant cy pres information, prior to any cy pres distribution"). A proposed order is attached to this letter.

An alternative, second way is by amending the settlement and plan of allocation to more specifically detail how any residual will be distributed, such as by lottery or by the specific identification of an appropriate cy pres recipient.

In either case, the court should consider withholding some portion of class counsel's fee award until any residual distribution has been approved.

Respectfully,

Scott Dodson

Scott Dodson

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

NICHOLAS C. SMITH-WASHINGTON, JOYCE MAHONEY, JONATHAN AMES, MATTHEW HARTZ, and JENNY LEWIS on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

TAXACT, INC.,

Defendant.

Case No. 3:23-CV-00830-VC

Assigned to Hon. Vince Chhabria

**[PROPOSED] ORDER DIRECTING PROCEDURE FOR DISTRIBUTING CLASS-SETTLEMENT RESIDUALS**

If a residual amount of the class-settlement fund remains after individual distributions to class members have been completed and after contemplated attorney's fees and costs and settlement-administration costs have been distributed or reserved for distribution, class counsel is hereby ORDERED to file a motion for approval of distribution the residual prior to any such distribution.

In the motion, class counsel should explain how the proposed distribution satisfies class counsel's duties to the class. If the proposal is for distribution to the class, class counsel should explain how the proposed distribution treats class members fairly and equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii) (directing the court to consider "the effectiveness of any proposed method of distributing relief to the class"). If the proposal is for distribution to a cy pres recipient, then class counsel should explain how that recipient's use of the funds will best advance the legal interests of the class and should disclose all potential conflicts that recipient has. *See* Northern District of California Procedural Guidance, Preliminary Approval § 8 (providing for this information); Scott Dodson & Joseph A. Grundfest, *The Missing Millions: Cy Pres in Federal Securities Class Actions*, 74 EMORY L.J. 1 (2024) (same).

IT IS SO ORDERED.

DATED: ______________________

______________________________
The Honorable Vince Chhabria
United States District Judge