UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS C. SMITH-WASHINGTON, JOYCE MAHONEY, JONATHAN AMES, MATTHEW HARTZ, and JENNY LEWIS on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | Case No. 3:23-CV-00830-VC<br><br>Assigned to Hon. Vince Chhabria<br><br>**[REVISED PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)(2)** |

WHEREAS, Plaintiffs Nicholas C. Smith Washington, Joyce Mahoney, Jonathan Ames, Jenny Lewis, and Matthew Hartz (together, "Settlement Class Representatives"), and Defendant TaxAct, Inc. ("TaxAct") (collectively "Parties"), entered into a Settlement Agreement on February 21, 2024 (ECF. No. 121-2), which, together, with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, by order dated April 30, 2024, the Court granted preliminary approval of the Settlement between the parties in the Action, ordering notice to Settlement Class Members, and providing Settlement Class Members with an opportunity either to exclude themselves from the Settlement Class or to object to the Settlement (ECF No. 132);

WHEREAS, by order dated April 30, 2024, the Court also provisionally certified the Settlement Class for settlement purposes only, finding that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class (*id.*);

WHEREAS, the Court held a Final Approval Hearing on ~~November 21~~December 5, 2024, to consider approval of this Settlement;

WHEREAS, the Court has considered the Settlement Agreement, the record in this Action, and the Parties' arguments and authorities;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's Order Granting Preliminary Approval of the Settlement.

2. The Court has jurisdiction over this Action and the Parties.

3. The Court finds that the Notice Plan constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied and certifies the following Settlement Classes:

    a. "Nationwide Class" includes all natural persons who used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a tax return using the TaxAct online product during the Class Period, and whose postal address listed on such tax return was in the United States. The Nationwide Class includes the California Subclass.

        i. "California Subclass" is a subclass of the Nationwide Class that includes all natural persons who used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a tax return using the TaxAct online product during the Class Period, and whose postal address listed on such tax return was in California.

    b. "Nationwide Married Filing Jointly Class" includes all natural persons whose spouse used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a joint tax return using the TaxAct online product during the Class Period, and whose postal address listed on such joint tax return was in the United States. The Nationwide Married Filing Jointly Class includes the California Married Filing Jointly Subclass.

    i. "California Married Filing Jointly Subclass" is a subclass of the Nationwide Married Filing Jointly Class that includes all natural persons residing in California during the Class Period whose spouse used a TaxAct online do-it-yourself consumer Form 1040 tax filing product and filed a joint tax return using the TaxAct online product during the Class Period, and whose postal address listed on such joint tax return was in California.

5. Excluded from the Settlement Classes are: TaxAct, its current, former and/or future parents, subsidiaries, divisions, affiliates and/or departments, and their employees, officers, directors, management, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies during the Class Period or thereafter; counsel for Plaintiffs and their employees, including but not limited to the undersigned counsel for Plaintiffs and the undersigned counsel's employees; any district judge or magistrate judge to whom this case is or was assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities; customers who only used TaxAct's download do-it-yourself consumer Form 1040 tax return filing product, TaxAct's Professional products, or TaxAct's online do-it-yourself business tax return filing products; and all individuals who have, as of January 9, 2024, filed a demand for arbitration against TaxAct to arbitrate claims that would otherwise be released in accordance with the terms of this Settlement Agreement unless those individuals elect to opt-in to the Settlement Classes by filing a timely Claim Form.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

  a. There is no fraud or collusion underlying this Settlement, and it was reached as a result of a mediation session with a respected mediator and extensive arm's length negotiations. *See, e.g., Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of noncollusiveness). Despite the mediator's presence, the Court has performed its own,

   independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2). *See Briseño v. Henderson*, 908 F.3d 1014, 1021 (9th Cir. 2021).

   b. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g., Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

   c. The support of Class Counsel and the Settlement Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

   d. The Settlement provides meaningful relief to the Settlement Classes and falls within the range of reasonable possible recoveries by the Settlement Class Members.

7. Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (ii) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or other tribunal any and all Released Claims. Likewise, upon the Effective Date, Defendant and each of the other Released Parties shall be deemed by operation of law to have released, waived, discharged and dismissed each and every claim relating to the institution or

prosecution of the Action by Settlement Class Representatives, Class Counsel and the Settlement Class. Accordingly, the Settlement shall terminate the Action.

8. The Court finds that an award of attorneys' fees and expenses is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award in an amount, manner and timing as set forth in the Court's separate Order on Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards.

9. The Court finds that the payment of Service Awards to the Settlement Class Representatives is fair and reasonable and therefore approves such payment as set forth in the Court's separate Order on Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards.

10. Ten percent of Class Counsel's attorneys' fees awarded as a percentage of the Qualified Settlement Fund (i.e., 10% of $4,362,500) shall remain in the Qualified Settlement Fund until after Class Counsel files a Notice of Completion of Duties and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Qualified Settlement Fund. Class Counsel shall file the Notice of Completion of Duties only after substantially all of the Qualified Settlement Fund has been distributed to the Class and administration of the Settlement is substantially complete. The Notice of Completion of Duties shall generally describe the results of the Settlement administration process, including the total cost of administration, noting the portion of these costs paid by TaxAct.

11. The Action, and all claims asserted therein, is settled and dismissed on the merits with prejudice.

12. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

13. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

14. The Settlement and this Order are not admissions of liability or fault by TaxAct or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by TaxAct or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties.

15. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

16. As provided in the Settlement Agreement, the parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements within 21 days after the distribution of the Net Settlement Fund, and payment of Attorneys' Fees or Expenses and/or Service Awards to Class Settlement Representatives, if any. The Court SETS a compliance deadline of 231 days after the Effective Date to verify timely filing of the post-distribution accounting. The Parties may request a continuance of this deadline if the Net Settlement fund has not been distributed 14 days before the compliance deadline.

**Chart of Significant Future Settlement Administration Dates**

| Event | Date |
| --- | --- |
| Final Approval Hearing | ~~November 21~~ December 5, 2024, 2:00 p.m. |
| Payment of Qualified Settlement Fund | 30 calendar days after the Court's entry of the Final Approval Order |
| Effective Date | If no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, upon expiration of the time to file such an appeal, motion, and/or petition. |

| | If an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, when the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review |
|---|---|
| Estimated date of commencement of distribution of Qualified Settlement Fund | 45 days after the Effective Date |
| In-Kind Payment available to Authorized Claimants | ~~Later of January 1, 2025 or the first day of the first~~Available for the tax year 2024 filing season ~~after the Effective Date~~, starting within five (5) business days after this Order |
| Estimated date for parties to submit proposal for distribution/treatment of Residual Funds to Court | 180 days after the Effective Date |
| Estimated deadline for distribution of Residual Funds to either *cy pres* or Authorized Claimants | 210 days after the Effective Date |
| Estimated deadline for parties to file post-distribution accounting and release of 10% attorneys' fees holdback | 231 days after the Effective Date |

IT IS SO ORDERED.

DATED: _____        _____

The Honorable Vince Chhabria
United States District Judge