UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS C. SMITH-WASHINGTON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TAXACT, INC.,<br><br>        Defendant. | Case No. 23-cv-00830-VC<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 134 |

Class counsel seek $4,362,500 in attorneys' fees. This amount, which represents 25% of the $17,450,000 Qualified Settlement Fund, is a 2.25 multiplier on class counsel's calculated lodestar of $2,582,024.05. Class counsel also seeks 25% of the value of any claimed in-kind relief from the settlement's provision of TaxAct Xpert Assist for class members who submit a valid claim form.

Courts have an obligation to ensure that fee awards are reasonable. Because the requested award in this case is not reasonable, class counsel is instead awarded $3,873,036.08 in attorneys' fees—a multiplier of 1.5 times the lodestar, or 22.2% of the settlement fund—and 10% of the value of the in-kind relief. The Court also awards $5,000 service awards to each class representative.

Courts may adjust a lodestar figure upwards depending on a number of factors, "including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011). "Foremost among these considerations, however, is the benefit obtained for the class." *Id.*

In this case, the benefit to the class does not weigh in favor of a 2.25 multiplier to class counsels' lodestar. The settlement provides for approximately $42 per claim. 12/5/24 Hearing Transcript at 11:21. While the Court, as noted in the companion order granting the motion for final settlement approval, finds that the settlement is fair and reasonable, the reality is that the $17,450,000 settlement fund amount is not a substantial portion of the maximum monetary relief. And while TaxAct is enjoined from continuing to do the practices challenged here, that benefit did not come from class counsel's negotiated settlement; instead, TaxAct entered into a stipulated Consent Judgment with the Missouri Attorney General. So, although class counsel achieved some benefit from the class with the negotiated settlement, that benefit is not so great that a 2.25 multiplier is reasonable or appropriate.

The other factors also cut against a higher fee award. For example, while the issues presented were complex and somewhat novel, there was no litigation on the merits of this case. No motions to dismiss or motions for summary judgment were filed. And the substantive motions to compel arbitration, while ably briefed, did not require class counsel to confront the complex and novel issues presented by the merits. While class counsel did shoulder the risk of nonpayment, and provided adequate representation, the relative lack of complexity in what class counsel was asked to do for this case weighs against applying such a high multiplier.

So, while the lodestar calculation is reasonable, the Court finds that a 1.5 multiplier is a fair and reasonable attorneys' fee award in this case. This is also reasonable under the percentage-based approach, yielding a fee of 22.2%.

For the same reasons listed above, the Court also finds that providing class counsel a fee of 25% of the value of any claimed in-kind relief would yield an unreasonable attorneys' fee award. The Court finds that 10% of claimed in-kind relief is a fair and reasonable attorneys' fee in light of the benefit to the class, the quality of the representation, the difficulty of the issues presented, and the risk of nonpayment.

Courts also have a duty to ensure that service awards to class representatives are reasonable. Counsel asked for service awards of $10,000 per class representative. But these

awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). And in this case, there was relatively little potential for harm to the plaintiffs related to their participation in this lawsuit. In addition, the class representatives here, while clearly committed to helping the litigation move along, did not spend a significant amount of time on this litigation. They reported that most of the time was spent on collecting tax records and reviewing documents, with most of the class representatives estimating that the number of hours spent on the case was in the high teens or low twenties (although one class representative did report spending 45–55 hours preparing for the case). None were deposed. Given the relative lack of risk for class representatives and the amount of time spent serving as class representatives, the Court finds that a service award of $5,000 is reasonable.

For the foregoing reasons:

1. Class counsel is hereby awarded attorneys' fees in the amount of $3,873,036.08 (22.2% of the $17,450,000 Qualified Settlement Fund).

2. The $3,873,036.08 attorneys' fee amount is subject to a 10 percent hold back, pursuant to the Court's Final Approval Order.

3. This Court further finds that an award of attorneys' fees based on the actual redeemed value of in-kind relief negotiated for the Settlement Classes is appropriate. The Parties cannot, however, submit information to the Court regarding the actual redeemed value of the in-kind relief at this time, but will be able to do so after May 2025, following the April 2025 tax filing deadline. Accordingly, the Settlement Administrator is ordered to hold back $580,000 (10% of the anticipated actual redeemed value for in-kind relief of $5,800,000) from the Qualified Settlement Fund and to allow Class Counsel to file a renewed motion for attorneys' fees, after May 2025, for additional attorneys' fees based on the in-kind relief benefit negotiated for the Settlement Classes.

4. Class Counsel shall file a renewed motion for attorneys' fees based on the actual redeemed value of in-kind relief after May 2025.

5. Within thirty (30) days after the Effective Date, Class Counsel shall be paid $3,873,036.08 in fees, less the 10% hold back which, pursuant to the Order Granting Final Approval, shall remain in the Qualified Settlement Fund until Class Counsel files a Notice of Completion of Duties and the Court authorizes the release of these attorneys' fees to Class Counsel.

6. The Settlement Administrator shall also hold back from the Qualified Settlement Fund $580,000, to be distributed in accordance with the Court's order on Class Counsel's renewed motion for attorneys' fees.

7. The Court finds that these amounts are justified as reasonable and appropriate given the results obtained, the risk borne by Class Counsel in litigating this matter, the degree of skill and quality of work performed by Class Counsel, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the Classes, and the additional work required of Class Counsel to bring this Settlement to conclusion.

8. The Court finds the fees award further supported by the lodestar crosscheck, whereby it finds that HammondLaw, P.C.'s hourly rates and the hourly rates of co-counsel Keller Postman LLC are reasonable, and the hours expended are reasonable. The Court finds that the requested multiplier of 1.5 is appropriate in light of the substantial risk, skill and quality of work by Class Counsel.

9. The Court finally approves Class Counsel's request for litigation expenses in the amount of $57,558.36 from the Qualified Settlement Fund.

10. The Court finally approves service awards of $5,000 each for the five named Plaintiffs and Class Representatives Nicholas Smith-Washington, Joyce Mahoney, Jonathan Ames, Jenny Lewis, and Matthew Hartz, from the Qualified Settlement Fund.

**IT IS SO ORDERED.**

Dated: December 30, 2024

_____
VINCE CHHABRIA
United States District Judge